### PREFERENCE IN THE MATTER OF RENTAL ACCRUING PRIOR TO RECEIVERSHIP.

Court of Appeals for Hamilton County.

CHARLES ANDREWS ET AL v. EDWARD BEIGEL, RECEIVER OF J. WALKER BREWING COMPANY ET AL.

Decided, November 22, 1915.

*Receivers—Disastrous Result of a Continuance of the Business—Rental Ordered Paid Before the Outcome Was Forseen—Treated as a Preferred Claim.*

The fact that the conduct of a business by a receiver resulted so unfortunately that the proceeds finally derived from a sale of the business and property were not sufficient to meet the obligations incurred in the operation of the business by the receiver, can not be regarded as ground for the setting aside of a positive order by the court for payment of a part of the rental which had accrued prior to the receivership, where it appears that at the time of the making of the order and afterward there were funds in the hands of the receiver which could have been used in making this payment; and the receiver's certificate, issued in lieu of such payment, must be treated as a preferred claim.

*DeCamp & Sutphin* and *Gregor B. Moormann,* for plaintiff in error.

*Kramer & Bettman,* for Burger.

*Renner & Renner* and *Otto Pfleger,* for Beigel, receiver.

JONES (Oliver B.), J.

The question in this case grows out of a receivership of the J. Walker Brewing Company in which the receivers of the brewing company carried on the business under order of the court for a period of two years. The business was carried on by the receiver with a view of selling the property and business of the company as an entirety. Efforts were made by the receiver and his counsel to make such sale, at private sale, and these failing it was offered at public auction as an entirety and failed to sell,

Afterwards the brewery was dismantled, the leasehold was sold separately and other property sold in parcels and thus disposed of.

The result of the management of the business by a receiver was most unfortunate. Money was borrowed for the purpose of paying for merchandise, labor and expenses of running the business, and after the property had been sold it developed there was not sufficient funds on hand to pay all the obligations of the receiver.

The question submitted in this case is as to the payment of rentals for the property occupied by the brewery and used by the receiver in the conduct of the business. This question arises upon an intervening petition filed by Charles Andrews and the representatives of the estate of Peter Andrews, deceased, and of the estate of Conrad Schultz, deceased, said three parties owning respectively nineteen-sixtieths, thirty-six-sixtieths and five-sixtieths of the property so used.

This property was held by the brewing company under a lease from said parties at a rental of $3,600 per annum, payable at the rate of $300 per month. The receiver was appointed August 30, 1910, and the court by its receiver then took possession of all said leased property and ordered its receiver to continue the business of the brewing company, all of said property being essential to the conduct of said business.

The two proceedings in which a receiver was asked have been consolidated in this case.

On December 10, 1910, a petition was filed by the receiver praying for instructions in regard to the payment of rentals for said property. On December 24, 1910, the court made an order finding said property under lease to the brewing company from the above named lessors at a rental of $3,600 per annum, and ordered the receiver to pay all rents accruing from the date of his appointment, being at the rate of $300 per month.

On June 17, 1911, an intervening petition was filed by said lessors setting out their claim for back rental and praying for an order for its payment prior to any other claim; that the lien

for said rental might be established and declared; and that the receiver might be required by the court to elect and determine whether he would accept the leasehold estate and assume the obligations thereof, including said rental, and in the event that said receiver should determine not to assume said lease that said lessors might be allowed to forfeit said leasehold estate or foreclose the lien thereon, or take other proceedings to enforce and protect their rights in said property; and that said receiver be required to pay the past due rentals as a condition for continuing in the use and occupation of the premises as receiver.

After several hearings upon said intervening petition an order was made by the court December 18, 1911, finding that there was due for back rentals under said lease, which had accrued prior to the appointment of said receiver, the amount of $5,736.42, and the receiver was ordered to pay to said lessors or their attorneys one-fourth of said amount, being $1,434.11; and the time of the payment of the balance of said claim and the consideration of all other matters set forth in said intervening petition was postponed for further consideration of the court. And for the purpose of making said payment of $1,434.11 the receiver was authorized to borrow such sum, if necessary so to do, and to issue a receiver's certificate therefor, which should be the first lien upon the property and estates of said the J. Walker Brewing Company.

On April 6, 1912, an order was made to sell the brewery as a going concern, including said leasehold, and on the same day an order was made providing that if such sale as an entirety was made that the lien to secure all rentals due under said lease up to the day of sale of said leasehold should be transferred to the purchase money derived from the sale of said company's estates, and the lien asserted by said lessors should be transferred, in the event of such sale, to the proceeds of said sale as the first and best lien thereon and should be paid out of said purchase price prior and preferably to all other claims.

The property was offered as an entirety under said order and failed to sell, and an order was made on May 7, 1912, providing

for the sale of said property in parcels if it failed to sell as an entirety; and on the 8th of May, 1912, an order was made providing that the lien reserved to the lessors to secure rentals under said lease up to the day of sale, should be transferred to the proceeds of sale of said leasehold estate as the first and best lien thereon, and said rentals should be paid out of the purchase price of said leasehold estate prior and preferably to all other claims. Upon said sale the leasehold sold for the sum of $1,000, and the court afterwards made an order that said amount should be paid by the receiver to said lessors and credited upon the amount due for rentals.

On November 23, 1912, another intervening petition was filed by said lessors, Charles Andrews and the representatives of said two estates, setting out the proceedings above detailed, and stating that no money had been paid on account of the sum of $1,434.11 ordered paid by the receiver to them under the order of court made December 18, 1911, and setting out the amount of unpaid rental due them from the receiver accruing after his appointment amounting to $2,115, and stating that the sum of $1,000, the proceeds of the sale of said leasehold ordered paid to them October 29, 1912, had been credited by them upon the rental due prior to said receivership, leaving a balance due of said rentals of $4,736.42, with interest for the amount due prior to the receivership, and $2,115 rental accruing under the receivership, and praying that the same be established as a first and prior lien upon the proceeds of sale prior to the claims of the receiver's certificates issued in said proceeding, and to the claim of the Fifth-Third National Bank for moneys advanced to said receiver, and prior to the claims of all creditors.

The right of such priority was contested by answer and crosspetition filed by Wm. Ammann and the Burger Brothers Company, who were creditors for malt sold to said receiver, and also by answer of the receiver. Issue was made by reply of said intervenors, and evidence was taken, and a hearing had thereon, all of which is set out in the bill of exceptions.

Where real estate is occupied and used by a receiver in the operation of a business under the direction of the court, the

rental or compensation for the use of the property becomes an expense incident to the administration of the receivership and, like other costs, is to be paid before the assets of the debtor are distributed among his creditors. Where before the appointment of a receiver property has been held under lease, and the receiver takes possession, he will be given a reasonable time to determine whether he will accept under the lease or not. If he does so accept, he will be bound by the terms of the lease. If he does not accept under the lease and no other terms are made with the landlord he will be required to pay for the time he occupies the premises a reasonable compensation not less than the rate of rental stipulated in the lease. The court has no power by the receiver to take possession of the property of a person without his consent and then make its own terms for compensation to be paid for its use. When a receiver takes under a lease under which arrears of rental are due, it can be made a condition by the lessor that such arrears must be assumed and paid by the receiver.

A careful consideration of the record convinces the court that it must be held that the receiver took under the terms of said lease, and that under the orders of the court as made December 24, 1910, and December 18, 1911, both the accrued rentals prior to the receivership and those unpaid accruing since the appointment of the receiver are obligations of the receiver.

The sum of $1,434.11, being one-fourth of the back rentals which was ordered paid December 18, 1911, and for which a receiver's certificate was authorized, must be considered as a preferred claim, the order for payment by the court having been made positively, and the evidence showing that the receiver had from time to time funds in his hands sufficient to make such payment. The court in its order of December 18, 1911, allowed said back rental as an indebtedness of the receiver instead of refusing such allowance and granting the application of lessors the right to possession of their property or foreclose their lease. After the receiver had thus been enabled to continue in the possession of the property and to operate the brewery, it would be unfair to the lessors to reverse this order, as was done in the

final judgment of the court below, and disallow any claim for back rent.

It appears, however, from the record, that these lessors were all stockholders in the brewing company, and, in part, its creditors; that they with all the other parties interested were under the belief that the brewing company might through its operation by the receiver of the court and a favorable sale of its property as an entirety be enabled to pay all of its obligations, and because of this belief and the other interests of the lessors, while at no time expressly waiving any right of priority they might have for rentals, they undoubtedly did permit, with others interested, the continuation of the receivership and the accumulation of unpaid rentals to such an extent that it would be inequitable under all the circumstances to prefer them to other creditors of the receiver who had also by extending their credits permitted the continuation of the receivership.

The judgment of the court below must therefore be modified to the extent of allowing plaintiffs in error a preferred claim of $1,434.11, with interest from the date at which it was ordered paid, and allowing them to *pro rate* as to the balance of all rentals due—both those accruing before and those accruing after the appointment of the receiver.

With such modification the judgment below will be affirmed.

JONES (E. H.), P. J., and GORMAN, J., concur.