**Jean WARD, Plaintiff-Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION, et al., Defendants-Appellees.**

**No. 86–6006**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 13, 1987.

---

Rand Allen Mintzer, Dennis M. McElwee, Houston, Tex., for plaintiff-appellant, cross-appellee.

Jim Mattox, Atty. Gen., Sedora Jefferson, James C. Todd, Austin, Tex., for defendants-appellees, cross-appellants.

Before GEE, GARWOOD and JONES, Circuit Judges.

PER CURIAM:

This appeal presents a variation on a familiar theme.

In *Nilsen v. City of Moss Point*, 701 F.2d 556 (5th Cir.1983) (en banc), we recognized that failure to join a § 1983 intentional sex discrimination claim in an earlier unsuccessful Title VII action complaining of the same wrong, although the parallel § 1983 claim could have been brought in the earlier action, was fatal, on principles of res judicata, to an attempt to bring the reserved claim in a later action. In today's appeal, the same two parallel claims for relief advanced successively in *Nilsen* were joined in one action and tried together, a jury finding in response to special interrogatories about the § 1983 claim that appellant Ward had not been intentionally discriminated against on the basis of her sex.[1] The trial court, reciting that no reason existed to withhold judgment on the jury verdict and that such a judgment was res judicata of the parallel Title VII claim based on the identical asserted rights and wrongs, gave judgment for the defendants on all claims. Ms. Ward appeals, asserting among other claims of error that the court's finding that the verdict and judgment were res judicata of the Title VII claim was erroneous.

It may be that, technically speaking, the "to be entered" judgment, of which the court spoke, on the § 1983 claim was not preclusive of the Title VII action; and in a world where common-law pleading and like procedural technicalities still held sway, we might feel obliged to remand to the trial court for findings on the Title VII action. What those findings would be is patent, however; the trial judge expressly noted that he saw no reason not to enter judgment on the jury verdict, necessarily evidencing his approval of that verdict of no discrimination, considering his power to set it aside sua sponte if he thought it defective in any respect. *See* Rule 59(d), Fed.R. Civ.P.

If more be required, a respected member of our Court, writing for our Sister Circuit, has dealt as follows with an appeal indistinguishable in legal principle from this:

An action for reinstatement and back-pay under Title VII is by nature equitable and entails no rights under the seventh amendment. *Lehman v. Nakshian*, 1981, 453 U.S. 156, 163–64, 101 S.Ct. 2698, 2703–04, 69 L.Ed.2d 548, 555–56; *Johnson v. Georgia Highway Express, Inc.*, 5 Cir.1969, 417 F.2d 1122, 1125. An action for damages under § 1981, however, is by nature legal and must be tried by a jury on demand. *See Whiting v. Jackson State University*, 5 Cir.1980, 616 F.2d 116, 122 & n. 4. When legal and equitable actions are tried together, the right to a jury in the legal action encompasses the issues common to both. *See Curtis v. Loether*, 1974, 415 U.S. 189, 196 n. 11, 94 S.Ct. 1005, 1009 n. 11, 39 L.Ed.2d 260, 267 n. 11; *Dairy Queen, Inc. v. Wood*, 1962, 369 U.S. 469, 470–73, 82 S.Ct. 894, 896–97, 8 L.Ed.2d 44, 47–48. *When a party has*

---

1. The jury made a similar advisory finding as to the Title VII claim, but the trial court forebore to make one.

*the right to a jury trial on an issue involved in a legal claim, the judge is of course bound by the jury's determination of that issue as it affects his disposition of an accompanying equitable claim.* (emphasis added).

*Lincoln v. Board of Regents,* 697 F.2d 928 (11th Cir.1983) (Wisdom, J.).

It may be that the cited Supreme Court authority does not squarely compel the holding italicized above, but it comes near to doing so indeed. The rule is a common-sense one; and we adopt it for our Circuit: it is hardly thinkable, as a practical matter, that a trial judge would let stand a jury finding on an issue when he had full power to set it aside, yet himself find the issue to the contrary on the same evidence.

Appellant's other claims of error are meritless and do not require discussion.

AFFIRMED.