Florencio LINARES, Plaintiff,

v.

CITY OF WHITE PLAINS, Alfred Del Vecchio, Commission on Human Rights for the City of White Plains, Silvio Gardella, Brian Wallach, Harry Bright, Carney Burns, Frank Codella, Jean Gordon, Jeffrey Silverbush, Frances Sorapure, Marvin Stern, Margaret Tiburzi, Isobel Villar, George Washington, and Michael Graessle, Defendants.

No. 89 Civ. 7315 (CLB).

United States District Court,
S.D. New York.

Jan. 7, 1991.

Opinion on Motion for
Reargument
and Reconsideration April 5, 1991.

See also 773 F.Supp. 566.

Anne Golden, White Plains, N.Y., for plaintiff.

David Wirtz, Richard Zuckerman, Rains & Rogrebin, P.C., Mineola, N.Y., for defendants.

## MEMORANDUM AND ORDER

BRIEANT, Chief Judge.

This action brought June 15, 1989 pursuant to 42 U.S.C. § 1983 seeks declaratory relief, preliminary and permanent injunctive relief and damages. The action involves allegations of employment discrimination and harassment by defendants (a municipality and individual officials or employees) of plaintiff (a municipal employee) on the basis of national origin pursuant to 42 U.S.C. § 1983, retaliation in violation of 42 U.S.C. § 2000e–3(a), and discrimination on the basis of disability pursuant to § 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794). The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343, 2201 and 2202.

By motion docketed August 6, 1990, and fully submitted on October 10, 1990, the defendants move for summary judgment pursuant to Rule 56 and dismissal pursuant to Rule 4(j) of the Federal Rules of Civil Procedure. Grounds asserted in support of the Rule 56 motion include collateral estoppel, statute of limitations and failure to state a claim upon which relief can be granted. Failure of proper and timely service of process is also alleged as to the City of White Plains, Mayor Alfred Del Vecchio, the Human Rights Commission of the City of White Plains ("the Commission"), Silvio Gardella as Chairman of the Commission, as well as Marvin Stern and Jeffrey Silverbush in their individual capacities.

The motion for summary judgment is based on the premise that there are no issues of triable fact in the case and the law so favors the moving party that entry of judgment in favor of the movant dismissing the complaint is proper. The burden of proof rests squarely upon the movant to establish that there are no triable issues of fact, and all the evidence must be viewed in the light most favorable to the non-moving party. *See, American International Group, Inc. v. London American International Corp.*, 664 F.2d 348 (2d Cir.1981); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438 (2d Cir. 1980).

Plaintiff was employed by the City of White Plains on September 10, 1979 under the title "Executive Director of the Human Rights Commission of the City of White Plains". He alleges that shortly thereafter, a gradually increasing pattern of harassment and discrimination commenced. The plaintiff alleges, *inter alia,* that the actions of defendants were based on plaintiff's various claimed handicaps, which include heart arrythmia, claustrophobia, chronic sinusitis, high blood pressure and a thyroid imbalance.

On May 24, 1984, the plaintiff's attorney sent a letter (the "May 24 letter") in plaintiff's behalf to the Mayor, citing several complaints which plaintiff attributed solely to discriminatory employment practices, not discrimination on the basis of handicap,

and requested a conference to resolve the complaint (*See*, Exhibit 5, Plaintiff's Papers in Opposition to Defendant's Motion for Summary Judgment; Wirtz Affidavit, Ex. L). A conference was held, at which time plaintiff was allegedly given the impression that the problem was resolved.

Thereafter, plaintiff claims that the defendants allegedly began closely monitoring plaintiff's use of accrued vacation, sick or compensatory leave time. Plaintiff alleges that the defendants did not monitor any other department or agency head as closely as plaintiff.

On December 31, 1986, plaintiff was discharged after an evidentiary hearing pursuant to § 75 of the New York Civil Service Law. That disciplinary hearing was held over an 18 day period at which over 2,600 pages of testimony were taken. At the conclusion of the hearing, the hearing officer recommended that plaintiff be found guilty of 4 of the 6 charges and that he be terminated (*See*, Wirtz Affidavit, Ex. J). Specifically, the hearing officer recommended that plaintiff be found guilty of (a) misconduct by abusing his sick and personal leave, (b) incompetence because of his excessive absenteeism, (c) misconduct by falsely reporting his leave use and (d) incompetence because of his inaccurate reports of leave use. The hearing officer recommended that the plaintiff be found not guilty of (a) misconduct by falsely reporting that he had left the office at a particular hour when he had actually left earlier and (b) misconduct by failure to report certain leave time taken. The hearing officers' recommendations were adopted by the Commission, and on December 31, 1986, plaintiff was terminated (*See*, Exhibit 11, Exhibits to Plaintiff's Papers in Opposition to Defendant's Motion for Summary Judgment).

Subsequently, plaintiff filed an Article 78 proceeding in New York State Supreme Court to review his discharge. He withdrew that petition prior to any adjudication on the merits (*see*, Plaintiff's Memorandum in Opposition to Defendants Motion for Summary Judgment, p. 7–8), and such relief is now time barred.

Plaintiff had filed a charge of discriminatory harassment with the New York State Division of Human Rights (the "SDHR") and the Equal Employment Opportunity Commission ("EEOC") on June 12, 1985 and filed an amended charge on March 7, 1986, which added a claim of retaliation because the disciplinary charges had been filed against him. (*See*, Wirtz Affidavit, Exs. A and B). The charge was amended once again on January 28, 1987 to include an allegation of discrimination on the basis of disability.

A decision on plaintiff's SDHR complaint finding no probable cause was issued on February 25, 1988 (*See*, Wirtz Affidavit, Ex. F). An application to reopen the matter was denied by the Commissioner of the SDHR on February 15, 1989 (*See*, Wirtz Affidavit, Ex. G). Plaintiff's counsel affirms that a substantial weight review of the § 75 hearing was never held by the EEOC because the EEOC considered that it lacked jurisdiction as long as the plaintiff's request to the SDHR to reopen and reverse its decision was still pending. Before a substantial weight review could be done, plaintiff requested and was sent a right-to-sue letter, which terminated the EEOC's jurisdiction (*See*, Complaint, ¶ 58; Declaration of Anne Golden annexed to Doc. 13, ¶ 2, pp. 1–2).

The charges which resulted in the § 75 hearing leading to plaintiff's discharge were served on him on February 27, 1986, approximately 8 months after plaintiff first filed his SDHR and EEOC complaints.

The complaint in this action, filed June 22, 1989, alleges that beginning in 1980 defendants "instituted a policy of harassing plaintiff" by refusing to fill vacancies in plaintiff's department and provide office equipment (¶¶ 28(a) and (b)), refusing to permit him to discipline unsatisfactory employees (¶ 28(c)), requiring more strict accounting for time and attendance than required for others (¶ 28(d)), requiring him to remain in the office when his secretary was out (¶ 28(e)), blocking plaintiff's attempts to obtain federal and state funding for his department's programs (¶ 28(f)), isolating plaintiff and discouraging him from confer-

**562**

ring with the Mayor (¶ 28(g)), denying plaintiff compensatory time (¶ 28(h)), excluding plaintiff from meetings of the Commission (¶ 28(i)), increasing plaintiff's duties while denying him staff and equipment (¶ 28(j)) and making derogatory remarks about plaintiff's English skills (¶ 28(k)). The complaint also alleges (¶ 35) during the period 1984 through December 31, 1986, plaintiff suffered from physical illnesses and conditions resulting, *inter alia*, from stress caused by his job conditions. Plaintiff also asserts that these acts of defendants were done in an attempt to force plaintiff to resign from his job and were motivated by discrimination because of plaintiff's handicap. He alleges extreme emotional and mental anguish and humiliation and that defendants' conduct has exacerbated his illnesses (¶¶ 37–38).

Plaintiff also alleges that the defendants City of White Plains, Mayor Del Vecchio, the Commission, Mr. Gardella and Mr. Graessle further discriminated against plaintiff by refusing to give plaintiff compensatory time earned for extra hours worked (¶ 45(a)), wrongfully accusing plaintiff of taking excess sick leave, vacation leave and personal leave time (¶ 45(b)), requesting medical documentation concerning plaintiff's illnesses (¶ 45(c)), requesting that plaintiff resign his job if he brought charges or filed a lawsuit alleging discriminatory employment practices by the City (¶ 45(d)), refusing to permit plaintiff to hire adequate personnel to assist him in carrying out the mandate of the Commission (¶ 45(e)), relocating plaintiff's office to a less desirable location without consulting him and without legitimate business reason (¶ 45(f)) and attempting to isolate plaintiff and to otherwise harass, intimidate and inhibit him in the performance of his job (¶ 45(g)).

Plaintiff states in his complaint that he is an individual of Hispanic national origin (¶ 4).

### DISCUSSION

*Plaintiff's Title VII and § 2000e-3(a) Claims*

 "Title VII has been violated if 'a retaliatory motive play[ed] a part in the adverse employment actions,' ... even if it was not the sole cause." *Davis v. State University of New York*, 802 F.2d 638, 642 (2d Cir.1986), *citing, Grant v. Bethlehem Steel Corp.*, 622 F.2d 43, 46 (2d Cir.1980). In a similar case, a *prima facie* showing of retaliatory motive was made simply by showing that the adverse employment action was taken within one year of the filing of the Title VII complaint. *See, De Cintio v. Westchester County Medical Center*, 821 F.2d 111, 115 (2d Cir.1987) (*"De Cintio II"*), *cert. den.* 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987). The Court concludes that the plaintiff has alleged sufficient facts within 42 U.S.C. § 1983 and 2000e–3(a) to survive a summary judgment motion, and has met the threshold showing required by *Johnson v. New York City Transit Authority*, 639 F.Supp. 887, 893 (E.D.N.Y.1986), *aff'd in part*, 823 F.2d 31 (2d Cir.1987) (the plaintiff must allege that "similarly situated nonminority employees were treated differently") and *Wade v. New York Telephone Co.*, 500 F.Supp. 1170, 1176 (S.D.N.Y.1980) (the plaintiff must show that she was treated differently from similarly situated whites or males). While some of the claims of harassment may appear trivial, the totality of evidence presented by plaintiff on the motion is sufficient to require a plenary trial.

*Plaintiff's Rehabilitation Act Claims*

§ 504 of the Rehabilitation Act (29 U.S.C. § 794) provides as follows:

No otherwise qualified individual with handicaps in the United States, as defined in § 706(8) of this title, shall, solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

§ 706(8) defines an "individual with handicaps" as any person who (i) has a physical or mental impairment which substantially limits one or more of such person's major

life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment. A further explanation is found in 28 CFR § 41.31. The plaintiff must prove that the alleged impairment "substantially limits one or more major life activities," which are defined to be "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working."

 In order to sustain a claim under this section, plaintiff must prove that (1) he is a "handicapped person" under the Rehabilitation Act; (2) he was "otherwise qualified" for the position in question; and (3) he was denied the position on the basis of his handicap. *Serrapica v. New York,* 708 F.Supp. 64, 73 (S.D.N.Y.1989), *citing Doe v. New York University,* 666 F.2d 761, 774–775 (2d Cir.1981). The final requirement is that the plaintiff must prove that the position exists as part of a program or activity receiving Federal financial assistance. *Doe v. New York University,* 666 F.2d 761, 774–775 (2d Cir.1981).

 The Court concludes that plaintiff has not presented sufficient evidence on this claim to defeat the summary judgment motion. There is no evidence which indicates that the plaintiff was terminated or discriminated against *solely* by reason of his claimed handicaps, even if it be assumed that together the ailments mentioned (*supra,* p. 560) rise to the level of an impairment, within the statute and the Regulations. This Court has not considered or relied on the naked and somewhat ambiguous contention that "the Commission has not distributed general or categorical revenues received by the City from the federal government, nor has it been the recipient of such federal financial assistance, for at least the ten years preceding the date of this affidavit" (Affidavit of Dorothy Errard, annexed to Doc. 5).

*Defendant's Collateral Estoppel Argument*

Plaintiff requested that the EEOC conduct a substantial weight review of the findings of the SDHR. Defendants claim that "on information and belief, the EEOC affirmed the SDHR's decision" (*See,* Defendant's Memorandum of Law, p. 5). However, there is a lack of a record of any EEOC hearing in this Court's record, and plaintiff contends that no such substantial weight review was ever conducted (*See,* Plaintiff's Memorandum of Law, p. 28). The Court concludes that the EEOC never conducted a substantial weight review of the § 75 discharge decision. This is not determinative, in light of *De Cintio II,* and the actions of the SDHR.

 The law regarding the collateral estoppel effect of administrative decisions provides that "[w]hen a state agency 'acting in a judicial capacity ... resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate,' *United States v. Utah Constr. and Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966), federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." *De Cintio II, supra* at 116; *citing, University of Tennessee v. Elliott,* 478 U.S. 788, 797–798, 106 S.Ct. 3220, 3225–26, 92 L.Ed.2d 635 (1986). In this regard, *Ryan v. New York Tel. Co.,* 62 N.Y.2d 494, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984) establishes that under New York law:

> [T]he doctrines of *res judicata* and collateral estoppel are applicable to give conclusive effect to the quasi-judicial determinations of administrative agencies ... when rendered pursuant to the adjudicatory authority of an agency to decide cases brought before its tribunals employing procedures substantially similar to those used in a court of law....
>
> ....
>
> Of course, the issue must have been material to the first action or proceeding and essential to the decision rendered therein ... and it must be the point actually to be determined in the second action or proceeding such that a "different judgment in the second would destroy or impair the rights or interests established in the first"....

. . . .

In the application of collateral estoppel with respect to administrative determinations, the burden rests upon the proponent of collateral estoppel to demonstrate the identicality and decisiveness of the issue, while the burden rests on the opponent to establish the absence of a full and fair opportunity to litigate the issue in prior action or proceeding.

*De Cintio II, supra,* 821 F.2d at 117, *citing* 62 N.Y.2d at 499–501, 478 N.Y.S.2d 823, 467 N.E.2d 487.

Further, a state administrative decision which is unreviewed by a state court carries no preclusive effect if it was not the subject of a "quasi-judicial" proceeding below. *See, Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), *reh. den.* 458 U.S. 1133, 103 S.Ct. 20, 73 L.Ed.2d 1405 (1982).

Plaintiff here has had such a "quasi-judicial" review of the SDHR determination. The plaintiff submitted documents, memoranda and affidavits in support of his claims. The SDHR offered the City an opportunity to respond to plaintiff's claims and the plaintiff an opportunity to review and reply to the City's responses. Further, the claims investigated by the SDHR are identical to those now raised in this action, and those claims were dismissed by the SDHR Regional Director with a finding of no probable cause (*See,* Wirtz Affidavit, Ex. F).

■ In addition, *University of Tennessee v. Elliott,* 478 U.S. at 796, 106 S.Ct. at 3225, establishes the basic proposition that plaintiff is entitled to a trial *de novo* on his Title VII claim, since he did not seek state court review of the SDHR administrative proceedings adjudicated against him. This proposition is recognized in *De Cintio II,* the Second Circuit noting that "Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims." *De Cintio II, supra* at pp. 114–115.

Accordingly, the Court concludes that the plaintiff's first and fourth claims, which involve Title VII, survive this motion; while plaintiff's second, third, fifth, sixth and seventh claims are barred by the doctrine of collateral estoppel as invoked by our Court of Appeals in *De Cintio II, supra.*

### Rule 4(j)

■ Defendants move to dismiss as to individual defendants Jeffrey Silverbush and Marvin Stern, for failure to make timely service as required by Rule 4(j), F.R.Civ.P. That Rule provides in relevant part as follows:

(j) *Summons: Time Limit for Service.* If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Although plaintiff failed to file proof of service in a timely manner, all named defendants, with the exception of Mr. Silverbush and Mr. Stern, were served within the time limits required by Rule 4(j). The Court notes that, in addition to defendants Mr. Silverbush and Mr. Stern, there similarly is no proof of service upon defendant Jean Gordon.

Plaintiff, who had the assistance of counsel at all times during the litigation, fails to offer any excuse or reason for failure to serve defendants Mr. Silverbush, Mr. Stern and Mr. Gordon. Accordingly, the Court sees no basis to exercise its discretion at this time to permit late service of these defendants. That portion of the motion is granted and the complaint is dismissed as against defendants Mr. Silverbush, Mr. Stern and Jean Gordon only.

■ Defendants also claim that service upon the City of White Plains, the Commission, Mayor Del Vecchio and Silvio Gardella was inadequate under Rule 4, F.R.Civ.P. The rules governing service of process by mail are Rule 4, F.R.Civ.P. and New York Civil Practice Law and Rules ("C.P.L.R.") §§ 311 and 312. It is conceded that the

plaintiff served those defendants by mail. F.R.Civ.P. 4(d)(6) provides:

> (d) Summons and Complaint: Person to be served.... Service shall be made as follows:
>
> (6) Upon a state or municipal corporation or other governmental organization thereof subject to suit by delivering a copy of the summons and of the complaint to the chief executive officer thereof or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Defendants argue correctly that the plaintiff failed properly to serve the City and the Commission. This is so because plaintiff served those defendants by mail, while Rule 4(d)(6) requires that service be effected by personal service upon those defendants. In addition, Rule 4(d)(6) provides that service alternatively may be effected by complying with the state rules governing service of process.

The New York statutes governing service of process by mail are contained in the C.P.L.R. at §§ 311 and 312. Section 311 provides that service upon a city shall be made by delivering the summons to the mayor, comptroller, treasurer, counsel or clerk. Section 312 provides that service upon a commission having a chairman may be made by delivering the summons to the chairman. The Court notes that subsequent to service of process in this matter C.P.L.R. §§ 311 and 312 were amended to permit service by mail.

The inadequacy of service here does not warrant dismissal of the plaintiff's complaint because defendants have made no showing of prejudice due to the failure of proper service. It would be an unfortunate anomaly if service by mail on the Mayor and Mr. Gardella individually should be upheld, but the municipality and the Commission were to be dismissed for failure to effect proper service. Plaintiff if so advised may effect valid service upon the City and the Commission within thirty (30) days of the date of this order. Failure to do so will result in dismissal.

The motion for summary judgment of all defendants is granted as to Plaintiff's second, third, fifth, sixth and seventh claims. The action is dismissed in its entirety as to defendants Jean Gordon, Jeffrey Silverbush and Marvin Stern.

The Court declines at this time to make the finding contemplated by Rule 54(b), F.R.Civ.P.

All remaining issues are hereby referred to the Hon. Joel J. Tyler, United States Magistrate to supervise all pre-trial proceedings and to conduct settlement negotiations.

So Ordered.

## MEMORANDUM AND ORDER

### ON MOTION FOR REARGUMENT AND RECONSIDERATION

By motion filed January 17, 1991, defendants in this civil rights action seek reargument and reconsideration of that part of the Order of this Court dated January 7, 1991 that granted the plaintiff an additional 30 days to serve the summons and complaint upon defendants the City of White Plains ("the City") and the Commission on Human Rights for the City of White Plains ("the Commission"). Prior attempted service was ineffective to obtain in personam jurisdiction, although it did give actual notice. Defendants argue that the Court improperly granted plaintiff an *additional* 30 days to serve the City and the Commission, as the Court by a prior oral order at a pre-trial conference held on October 10, 1990 had previously granted plaintiff 30 days to complete proper service of those defendants.

A hearing on the motion to reargue was held on February 20, 1991. The motion was marked fully submitted on March 19, 1991 upon receipt of the transcript of the October 10, 1990 pre-trial conference and decision was reserved. This constitutes the Court's decision on the motion.

The transcript shows that the Court's oral order of October 10, 1990 granted plaintiff an additional 30 days to serve defendants Jeffrey Silverbush and Marvin

Stern. (*See,* Doc. 36, Transcript, p. 20). The record is clear and defendants concede that the Court did not grant plaintiff any additional time to serve any other defendants at that time. Defendants contend nevertheless that the motion should be granted in light of the "cavalier disregard shown by plaintiff to serve the complaint properly; a disregard that should not be rewarded by this Court." (*See,* Doc. 37, p. 2).

Plaintiff states and the docket sheet confirms that plaintiff re-served the City and the Commission properly on January 23, 1991. (*See,* Doc. 34, filed January 28, 1991). Service was effected upon the City by personally serving Daniel Spencer, Senior Assistant Corporation Counsel of the City of White Plains. Service upon the Commission, if we assume it is a separate entity, was effected by personally serving Edward Oliver, Jr., Chairman of the Commission on Human Rights for the City of White Plains.

Plaintiff cites *Lovelace v. Acme Markets, Inc.,* 820 F.2d 81 (3d Cir.1987), *cert. den.,* 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987) solely for the proposition that the Court may exercise its discretion in waiving the requirements of F.R.Civ.P. 4(j) and may grant a plaintiff additional time to effect proper service on those defendants improperly served, so long as the Court has not been shown to have abused its discretion. It is in the interest of fairness that the Court adhere to its original decision in order that plaintiff's claims may be resolved on the merits, rather than being precluded for a failure to effect service of process.

The defendants' motion is granted and upon reconsideration the Court adheres to its original decision.

So Ordered.