Florencio **LINARES**, Plaintiff,

v.

**CITY OF WHITE PLAINS,
et al., Defendants.**

No. 89 Civ. 7315.

United States District Court,
S.D. New York.

Aug. 12, 1991.

Anne Golden, White Plains, N.Y., for plaintiff.

David Wirtz and Richard Zuckerman, Rains & Pogrebin, Mineola, N.Y., for defendants.

## MEMORANDUM AND ORDER

BRIEANT, Chief Judge.

By motion filed April 23, 1991, the two remaining defendants in this Title VII employment discrimination suit seek an order striking plaintiff's jury demand. A hearing was held on June 10, 1991 and the case was marked fully submitted on that date. This constitutes the Decision and Order of the Court.

This Court previously issued a memorandum decision dated January 7, 1991, 773 F.Supp. 559 granting summary judgment

on defendants' motion in favor of all defendants on five of plaintiff's seven claims and dismissing the plaintiff's Complaint in its entirety as against defendants Gordon, Silverbush and Stern. Subsequently, defendants made a motion to reargue and a hearing was held on February 20, 1991. On April 5, 1991, the Court issued a decision which granted defendants' motion for reargument. Upon reargument, the Court adhered to its original decision. *See* Memorandum & Order, April 5, 1991. 773 F.Supp. at 565. Familiarity of the reader with these two prior Orders of the Court is assumed.

Now, defendants move to strike the jury demand.

The Court has recently come to believe that Title VII cases properly are triable with a jury. We begin our discussion of the issue by pointing out that the Seventh Amendment provides "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." The phrase "Suits at common law" refers to "suits at which legal rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered." *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, et al.,* 494 U.S. 558, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519 (1990), *citing, Parsons v. Bedford,* 28 U.S. (3 Pet.) 433, 447, 7 L.Ed. 732 (1830). "The right extends to causes of action created by Congress." *Tull v. U.S.,* 481 U.S. 412, 417, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987). "As the Court noted in *Beacon Theatres v. Westover,* [359 U.S. 500, 501, 79 S.Ct. 948, 951, 3 L.Ed.2d 988 (1959)] 'maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right should be scrutinized with the utmost care.'" *Terry,* 494 U.S. at ——, 110 S.Ct. at 1344 (quoting *Dimick v. Schiedt,* 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935)).

Defendants cite a wealth of authority from various Courts of Appeal, all of which were decided before *Terry supra,* and *Lytle, infra,* that stand for the proposition that a plaintiff is not entitled to a jury trial in a case involving solely Title VII issues. *Olin v. Prudential Ins. Co. of America,* 798 F.2d 1, 7 (1st Cir.1986); *Wade v. Orange County Sheriff's Office,* 844 F.2d 951, 953 (2d Cir.1988); *Keller v. Prince Georges County,* 827 F.2d 952, 955 (4th Cir.1987); *Ward v. Texas Employment Commission,* 823 F.2d 907, 908 (5th Cir. 1987); *EEOC v. Detroit Edison Co.,* 515 F.2d 301 (6th Cir.1975); *Grayson v. Wickes Corp.,* 607 F.2d 1194, 1196 (7th Cir.1979); *Bibbs v. Jim Lynch,* 653 F.2d 316, 318 (8th Cir.1981); *Slack v. Havens,* 522 F.2d 1091, 1094 (9th Cir.1975); *Skinner v. Total Petroleum, Inc.,* 859 F.2d 1439, 1443 (10th Cir.1988); and *Lincoln v. Board of Regents,* 697 F.2d 928, 934 (11th Cir.1983).

In *Terry,* in which the Supreme Court considered the issue of whether a litigant is entitled to a jury trial in an action for breach of the duty of fair representation provided for by Section 301 of the Labor Management Relations Act of 1947, the Court affirmed the denial of a motion to strike the jury demand. The Supreme Court discussed and considered analogous claims in an attempt to determine whether a jury trial was available in an action based on the duty of fair representation.

In its analysis, the Supreme Court discussed in dicta whether backpay claimed under Title VII, compared with the backpay relief sought by respondents was legal or equitable relief and stated that "[t]he Court has never held that a plaintiff seeking backpay under Title VII has a right to a jury trial...." *Terry,* 494 U.S. at ——, 110 S.Ct. at 1349. Without deciding whether a Title VII plaintiff has a right to a jury trial, the Court stated that it was not persuaded that the type of relief sought in the duty of fair representation suit is analogous to backpay sought in a Title VII suit. *Id.* (citation omitted). The Court concluded that the motion was properly denied by the District Court, holding that the Seventh Amendment entitled the respondents to a jury trial on their claim for monetary damages for breach of the statutory duty imposed by Congress in Section 301.

In *Lytle v. Household Manufacturing, Inc. dba Schwitzer Turbochargers,* 494

U.S. 545, 110 S.Ct. 1331, 108 L.Ed.2d 504 (1990), decided on the same day as *Terry*, *supra*, the Supreme Court considered a similar issue. In *Lytle*, a case which involved allegations of retaliation, in violation of 42 U.S.C. § 2000e, *et seq.*, and termination on the basis of race in violation of 42 U.S.C. § 1981, the Supreme Court stated in a footnote that it "has not ruled on the question whether a person seeking relief under Title VII has a right to a jury trial[.]" *Lytle*, 494 U.S. at ——, 110 S.Ct. at 1335. In *Lytle*, the District Court dismissed the legal claims and held a bench trial on the Title VII claims. This decision was affirmed by the Fourth Circuit Court of Appeals without opinion. *See Lytle v. Household Manufacturing, Inc.*, 831 F.2d 1057 (1987).

On appeal, the decision of the District Court was vacated and remanded. The Supreme Court concluded that the District Court erroneously dismissed the legal claims and stated that "[b]ut for the dismissal of Lytle's § 1981 legal claims, he would have been entitled to a jury trial on all issues common to them and his Title VII equitable claims, *Curtis v. Loether*, 415 U.S. 189, 196, n. 11, 94 S.Ct. 1005, 1009, n. 11, 39 L.Ed.2d 260 (1974), and the jury would have been required to resolve the legal claims before the court considered the equitable claims." 494 U.S. 545, 110 S.Ct. at 1332.

In *Terry*, and again in *Lytle*, the Supreme Court has hinted, but failed to provide more than a cryptic indication that a Title VII litigant has a right to a jury trial. The tone of this discussion seems totally inconsistent with the popularly held assumption that there is no jury in a Title VII case as a matter of black letter law.

In *Vicinanzo v. Brunschwig & Fils, Inc.*, 739 F.Supp. 882 (S.D.N.Y.1990), an action under ERISA wherein a disabled beneficiary filed suit challenging cancellation of coverage under a group medical, dental, and life policy and group long-term disability policy, defendant filed a motion to strike plaintiff's jury demand. This Court held that the plaintiff was entitled to a trial before a jury on all contractual issues as well as all mixed questions of law and fact. The Court stated that Congress had reserved an implied statutory right to a jury trial in ERISA cases. As with cases under ERISA, Title VII cases are based on rights and remedies which are created by statute and unknown to the common law. "Even where there is no constitutional right to a jury trial, a court must examine the statute which created the new right of action, ... to ascertain whether Congress impliedly provided a right to a jury trial. The Seventh Amendment does not prevent Congress from providing a right to a jury trial where a newly contrived statutory remedy is made available to litigants." *Vicinanzo*, 739 F.Supp. at 885, *citing The Propeller Genesee Chief v. Fitzhugh*, 53 U.S. (12 How.) 443, 13 L.Ed. 1058 (1851).

This Court believes that Congress did impliedly create such a right under Title VII. The statute contains no language expressly foreclosing a litigant's right to a trial by jury. This is strong evidence that Congress did not intend to divest Title VII litigants of the right. *Vicinanzo*, 739 F.Supp. at 885. The Supreme Court has twice suggested this to bench and bar by mentioning the issue in a fashion which would be totally unnecessary were this not so. All but two claims alleged in this action have been dismissed. The two remaining claims (the first and fourth) seek injunctive relief, as well as frontpay, backpay and lost benefits; or in the alternative, reinstatement to plaintiff's job as Executive Director for the City (*See*, Complaint, p. 19).

As this Court stated in *Vicinanzo*, "[t]he Court [in *Terry*] ... held that the respondents' claim for backpay was not one for restitution or disgorgement but rather for 'wages and benefits [respondents] would have received from [the employer] had the Union processed the employees' grievance properly.'" 739 F.Supp. at 888 (*citing, Terry*, 494 U.S. at ——, 110 S.Ct. at 1348). In addition, the Court in *Terry* noted "that actions for breach of the duty of fair representation target 'the wrong done the individual employee[,]' (citations omitted) and, as such, give rise to claims for compensatory backpay." *Vicinanzo*, 739 F.Supp. at 888.

The case at bar is similar to *Terry* in that the plaintiff here allegedly was wronged as

a result of the improper consideration the employer gave to the fact that plaintiff had filed charges against the employer with the State Division of Human Rights. The improper acts of the plaintiff's employer were allegedly the direct result of employment practices violative of 42 U.S.C. § 2000e, *et seq.* The plaintiff is seeking legal relief in the form of front pay and lost benefits as an alternative to the equitable remedy of reinstatement. The Supreme Court, however, has stated that the right to a jury trial is not determined exclusively by the nature of the remedy sought. Consideration must also be given to the nature of the issues involved. *Terry, supra.*

In *Tull, supra,* the Supreme Court considered whether the right to a jury trial extends to 33 U.S.C. § 1319(d). The Court reasoned that the text and legislative history of the statute indicates that the statute authorizes a civil penalty to punish culpable individuals, as opposed to statutes designed merely to maintain the status quo or to extract compensation, the latter remedies traditionally issued by courts of equity. Similarly, 42 U.S.C. § 2000e is a statute which exacts civil penalties to punish culpable individuals.

Accordingly, this Court would deny the motion, based on the foregoing reasoning and what we consider to be unmistakable signals dropped by the Supreme Court in *Terry* and *Lytle.* However, in a Second Circuit decision on June 27, 1991, in *Frasca v. R.M.G. Investigations and Ronald Goldstein,* Docket No. 91–7232, 940 F.2d 650 an unreported summary Order was handed down by a prestigious panel wherein the Court held that " . . . appellant had no right to a jury trial on her Title VII claim, *see Wade v. Orange County Sheriff's Office,* 844 F.2d 951, 953 (2d Cir 1988), . . . ." We are instructed in the summary order that "[t]his summary order will not be published in the Federal Reporter and should not be cited or otherwise relied upon in unrelated cases before this or any other Court." Thus, this rather clear and recent pronouncement of the Second Circuit has no precedential value for the purposes of the pending case, and cannot be relied on as controlling here. It is nevertheless a public record, created by judges assumed to be fully familiar with the problem presented by the gratuitous statements in *Terry* and *Lytle.*

The motion to strike the jury demand is granted.

This Court recognizes that plaintiff and his counsel share the strong view that a jury should be used. Since this issue involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from this order may materially advance the ultimate termination of this litigation, this Court certifies this issue pursuant to Section 1292(b) of Title 28 of the United States Code in the event plaintiff desires to apply for such relief and does so within ten (10) days after entry of this Order. The Court reminds plaintiff, however, that he is under no compulsion to proceed under Section 1292(b) and may appeal from the final judgment following a bench trial, if so advised, pursuant to 28 U.S.C. § 1291.

Following the expiration of ten (10) days and in the absence of an application, this case will be listed as ready when reached for trial to the Court without a jury.

So Ordered.