**Donna M. EVANS, Appellant,**

v.

**T.W. SERVICES, INC. OF DELAWARE, a Delaware corporation, d/b/a Canteen Company, Appellee.**

**No. 90–5254.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1991.

Decided April 11, 1991.

Rehearing and Rehearing En Banc Denied May 20, 1991.

Michael A. Pinotti, Roseville, Minn., for appellant.

Steven R. Anderson, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, and FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Donna M. Evans appeals a summary judgment motion denying her claims of employment retaliation under 42 U.S.C. § 1981 (1988), Title VII, 42 U.S.C. § 2000e et seq. (1988), and the Minnesota Human Rights Act, Minn.Stat. § 363.01 et seq. (1990). She also appeals the district court's grant of summary judgment to Canteen Company on her state law tort claim that Canteen and Ford Motor Company conspired to cause her termination from her job.

BACKGROUND

Evans worked for Canteen, a division of T.W. Services, Inc., in its cafeteria in the Ford Motor plant in St. Paul, Minnesota. She was terminated after five months for tardiness. Almost eighteen months later she was hired by Ford as a part-time employee. She recited on her April 29, 1987, temporary job application for Ford that she had been fired by Canteen. A month later she was hired by Ford full-time. On June 4, 1987, she filled out another application for Ford. She alleges that this time a Ford employee told her she did not have to fill in the "former employer" section on the appli-

cation because Ford already had that information on her April 29 application. Accordingly, Evans crossed out that section and marked the box indicating she had never been terminated from employment. Both applications authorized Ford to investigate her past employment. Evans alleges that Ford received access to her Canteen personnel file with the April 29 application. Ford asked Canteen for a copy of Evans's personnel file on June 17, 1987. Ford terminated Evans several months later on the ground that she had falsified her June 4 application. Evans filed a charge against Canteen with the Minnesota Department of Human Rights ("Department") alleging that Canteen had retaliated against her for complaints of sexual harassment she had made while working for Canteen. The charge was also automatically filed with the Equal Employment Opportunity Commission ("EEOC"). The EEOC asked Canteen for Evans's personnel file as part of its investigation. Canteen sent the EEOC its copy of Evans's June 4 Ford application. Later, the Department again asked for the complete file. Canteen sent the complete file, which included the June 17 letter from Ford requesting Evans's personnel file. The Department dismissed Evans's complaint and she filed a private action, claiming that Canteen retaliated against her for bringing sexual harassment complaints by withholding from the Department her temporary Ford application and Ford's written request to Canteen for her personnel file.[1] She alleged that as a result of Canteen's efforts her administrative charge against Ford was prejudiced because the temporary application would have shown that she disclosed her Canteen termination to Ford. She further alleged that the presence of the temporary application in her Canteen personnel file would have demonstrated that Ford used her June 4 application as a pretext for terminating her in retaliation for her complaints of harassment at Ford.

The district court granted Canteen's motion for summary judgment finding that (1) the Supreme Court in *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363,

105 L.Ed.2d 132 (1989), foreclosed a retaliation claim under section 1981 because no contractual rights were impeded and because Title VII and the Minnesota Human Rights Act ("MHRA") provided a remedy for this type of discrimination, (2) Evans's state law claim was time barred, and (3) there was no evidence that Canteen retaliated against Evans or conspired with Ford to retaliate against her.

DISCUSSION

I. Title VII

A prima facie case of retaliation is established when a plaintiff demonstrates that (1) a charge of discrimination was filed, (2) the defendant took adverse action, and (3) the adverse action was linked to the filing of the discrimination charge. *Martin v. Local 1513*, 859 F.2d 581, 585 (8th Cir.1988). The district court found Evans had failed to show that Canteen had taken any action against her or that any action was related to her charges against Ford or Canteen. No evidence exists that Canteen ever had possession of Evans's April 29 application. The only suggestion that Canteen had Evans's April 29 application is Evans's deposition alleging that the only way Ford could know about her Canteen employment was through the April 29 application. J.App. at 193–94; *see also* J.App. at 133–35. Several Ford employees, however, knew that Evans had worked for Canteen. J.App. at 131–32. Evans also cannot show that Canteen's late disclosure of the June 17 Ford letter harmed her or that any delay in disclosure constituted unlawful retaliation. Evans was unharmed by the late disclosure of the letter since she withdrew her complaint against Ford before the Department had made any determination regarding the charge. J.App. at 197. We find no genuine issue of material fact and hold that the district court correctly granted Canteen's motion for summary judgment.

II. MHRA: Statute of Limitations

The district court found that Evans's state law claim for retaliation was

---

1. Evans also filed a separate sexual harassment claim against Ford, but withdrew it before the Department made a determination. J.App. at 197.

untimely. We agree. Under the MHRA, a person may bring a civil action "within 45 days after the commissioner has dismissed a charge." Minn.Stat. § 363.14 subd. 1(a)(1) (1988).[2] The Department dismissed the charge December 6, 1988, and Evans commenced her action May 5, 1989. The filing requirement, however, is not jurisdictional and is subject to equitable tolling or waiver. *Jones v. Consolidated Freightways Corp.*, 364 N.W.2d 426, 429–30 (Minn. Ct.App.1985); *see also State v. Russell Dieter, Enters.*, 418 N.W.2d 202, 206 (Minn.Ct.App.1988). Neither doctrine applies in this case because Evans is responsible for not receiving the department notice. According to the record, Evans checked her mail box sporadically, J.App. at 236–37, and made no special effort to check it. J.App. at 245. She also stated that one time when she checked the box there was a slip of paper that said second or third notice but that she did not attempt to ask for the letter because she assumed it had been sent back already. J.App. at 239–40. Evans learned of the Department's dismissal of her complaint when she received the EEOC notice of dismissal, which referred to and accepted the findings of the Department. J.App. at 214. Although Evans did not receive the EEOC notice within the forty-five days, *see* Appellee's Brief at 27, she also did not file a complaint within forty-five days of receiving the EEOC notice. She did not file this action until May 5, 1989. We hold that Evans's action is barred by the statute of limitations.

■ Even if Evans's claim was not time barred, we find that she has not established a prima facie case of retaliation. Under the MHRA, she must show that (1) she engaged in statutorily protected conduct, (2) Canteen took adverse employment action against her, and (3) there was a causal connection between Evans's conduct and Canteen's actions. *Hubbard v. United Press Int'l, Inc.*, 330 N.W.2d 428, 444 (Minn.1983). Evans has shown she has engaged in a statutorily protected activity by filing a charge with the Department alleging Canteen retaliated against her for her sexual harassment complaints. *Id.* We find that Evans did not demonstrate that Canteen had taken any adverse action against her. She also cannot support her contention that Canteen's actions in providing her file to Ford is connected to her complaints of sexual harassment at Canteen. When she filled out the Ford application she allowed Canteen to release her personnel file to Ford. Even if Canteen released the file to Ford after she had filled out the temporary Ford application in April, she still signed the release.[3] J.App. at 132–35. Evans presents no evidence, however, that Canteen ever had the April application. There is only her unsubstantiated belief that Canteen had it and refused to release it to the Department in an effort to retaliate against an employee that had been terminated after working five months and had been gone for eighteen months.

### III. Section 1981

■ Evans contends that retaliation is actionable under section 1981 when it occurs in a Title VII proceeding involving race. We find that we do not have to reach the issue of whether section 1981 encompasses a claim of retaliation even after *Patterson, see Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 110 S.Ct. 1331, 1336 n. 3, 108 L.Ed.2d 504 (1990), because Evans failed to establish a prima facie case of

---

**2.** This section has been amended to provide that a civil action may be brought "within 45 days after receipt of notice that the commissioner has dismissed a charge." Minn.Stat. § 363.14 subd. 1(a)(1) (1990). This amendment became effective August 1, 1989, and therefore, is inapplicable to this case. Minn.Stat. §§ 645.21, 645.-31 subd. 1 (1990); *see also Buchholz v. Capp Homes, Inc.*, 321 N.W.2d 893, 894–95 (Minn. 1982) (stating that amendment of statute of limitations is not applied retroactively).

**3.** Evans presents no evidence that Canteen improperly released her file. There is only her belief that Ford employees had access to it, but only after she filled out the Ford application. J.App. at 141–42. If unauthorized Ford employees were allowed access to the file after Canteen released it to the Ford personnel department that is Ford's fault not Canteen's. In any event, Evans's charge against Ford was unharmed because she withdrew the charge before the Department could take any action on it.

retaliation. *Cf. Chambers v. Wynne School Dist.*, 909 F.2d 1214, 1216–17 (8th Cir.1990) (finding prima facie case of discrimination under section 1981 same as under Title VII).

## IV. State Tort

■■■ We find insufficient evidence of a conspiracy between Canteen and Ford. "A conspiracy is a combination of persons to accomplish an unlawful purpose or a lawful purpose by unlawful means." *Harding v. Ohio Cas. Ins. Co.*, 230 Minn. 327, 334, 41 N.W.2d 818, 824 (1950). Evans has not shown any evidence of retaliation or of an agreement between the two companies to retaliate against her. *Id.* 41 N.W.2d at 824–26. The meeting that representatives from the two companies held in February, 1988, to discuss her charges was short. The evidence in the record indicates that the representatives discussed whether Evans authorized Canteen to give Ford her personnel file. J.App. at 88–89. There is no evidence that Canteen and Ford conspired to obstruct the Department's investigation. There is also no evidence that Canteen took any adverse employment action against Evans. We affirm the district court's grant of summary judgment on this claim.

## CONCLUSION

We find that there is no genuine issue of material fact in any of Evans's claims. Therefore, we affirm the granting of Canteen's motion for summary judgment.