989 F.2d 504
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Virginia A. HAYES, Appellant,
v.
CITY OF OMAHA, Appellee.
 No. 92-2776.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 19, 1993.
Filed: March 8, 1993.
 
 Before McMILLIAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Virginia Hayes appeals the dismissal of her claims of employment discrimination. Because we find the district court's[1] findings of fact were not clearly erroneous and its application of the law was correct, we affirm.
 
 
 2
 Hayes alleges her federal rights have been violated pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000e (commonly known as Title VII). Hayes is a former employee of the City of Omaha, Nebraska (the City). In 1986, Hayes worked as a receptionist at the Department of Human Relations. Prior to Hayes' position with the Department of Human Relations, she had been employed at the Department of Public Works. Hayes alleges that her supervisors at the Department of Human Relations retaliated against her because she filed charges of employment discrimination with the Nebraska Equal Opportunity Commission and the United States Equal Employment Opportunity Commission against the City. Specifically, Hayes claims her employers: (1) denied her "Injured on Duty," or "IOD," status;[2] (2) disciplined her by written reprimands; and (3) required her to use annual leave for time she conducted personal business while at work, all in retaliation for her filing of the employment discrimination charges against the City.
 
 
 3
 For suits alleging retaliation against an employee who has charged an employer with violations of Title VII, the order and allocation of proof are the same as they are in suits alleging substantive violations of Title VII. Womack v. Munson, 619 F.2d 1292, 1296 (8th Cir. 1980), cert. denied, 450 U.S. 979 (1981). A prima facie case of retaliation is established when a plaintiff shows: (1) a charge of discrimination was filed; (2) the defendant took adverse employment action; and (3) the adverse action was linked to the filing of the discrimination. Evans v. T.W. Servs., Inc., 930 F.2d 612, 614 (8th Cir. 1991). The plaintiff bears the burden of establishing this prima facie case, and after the plaintiff meets that burden, the burden then shifts to the defendant to articulate a legitimate, non-retaliatory reason for the adverse employment action. See Womack, 619 F.2d at 1296. The plaintiff can still prevail after such a showing by the defendant, if the plaintiff can prove that the offered legitimate justification was simply a pretext for retaliation. Id.
 
 
 4
 With respect to Hayes' first claim, that she was denied "Injured on Duty" status, the district court found she failed to follow the proper procedures for applying for IOD status, and, accordingly, there could have been no retaliation in depriving her of that status. The court found as a matter of fact Hayes knew of the existing procedures and had filed for IOD status in the past, but this time she did not follow the procedures. We accord great weight to the district court's factual findings and review only for clear error. Equal Employment Opportunity Comm'n v. Delight Wholesale Co., 973 F.2d 664, 669 (8th Cir. 1992). We find no clear error in the district court's finding of fact.
 
 
 5
 With respect to Hayes' second and third claims, that she was given written reprimands and made to take annual leave for time she conducted personal business at work, the district court found Hayes had satisfied the three elements of the prima facie case. The court also found the City had met its burden of offering legitimate non-discriminatory reasons for the adverse employment actions. The court found the adverse employment actions were entirely related to her job performance, they were not taken in retaliation for her filing of employment discrimination complaints, and they were not in any way related to Hayes' race or gender. Hayes was unable to show that the reasons offered by her employer were pretextual.
 
 
 6
 In reviewing the sufficiency of the evidence to support those findings by the trial court, this court must consider the evidence in the light most favorable to the prevailing party, the City of Omaha, and must give the City all reasonable inferences in favor of the evidence. Finley v. Empiregas, Inc., 975 F.2d 467, 474 (8th Cir. 1992). This court must focus on the ultimate factual issue of whether the employer intentionally discriminated against the employee. Id. at 473. Having reviewed the record, we conclude the district court's findings are supported by the evidence and are not clearly erroneous.
 
 
 7
 Because Hayes was unable to demonstrate that she has been deprived of any rights under Title VII, her 42 U.S.C. § 1983 claim fails as well.
 
 
 8
 We find no error on the part of the district court and affirm the dismissal of Hayes' claims with prejudice.
 
 
 
 [1]
 The Honorable Lyle E. Strom, Chief Judge, United States District Court for the District of Nebraska
 
 
 [2]
 Injured on Duty payment is a method of payment of salary in lieu of workers' compensation that is available to City employees