7 F.3d 1042
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Vincent L. MITCHELL, Appellant,
v.
PARKWAY SCHOOL DISTRICT; Robert T. Francis; Don Senti;
Daniel Isom; Jim Hines; Doug Stevens; Bonnie
Maxey; Barbara Oliver, Appellees.
 No. 93-1657EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 17, 1993.
Filed: October 8, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Vincent L. Mitchell, a black custodian, brought this employment discrimination action alleging Parkway School District and several school district officials (Parkway) suspended and discharged him because of his race in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17 (1988) and the Missouri Human Rights Act (MHRA), Mo. Ann. Stat. ch. 213 (Vernon 1983). Mitchell also alleged Parkway violated his First Amendment rights, 42 U.S.C. § 1983, Title VII, and the MHRA by suspending and discharging Mitchell in retaliation for his filing charges with the Equal Employment Opportunities Commission (EEOC) and the Missouri Commission on Human Rights (MCHR). The district court granted Parkway's motion for summary judgment. Mitchell appeals, and we affirm.
 
 
 2
 To establish a prima facie case of employment discrimination under both Title VII and the MHRA, Mitchell must show, among other things, that his job performance met Parkway's legitimate expectations. Miner v. Bi-State Dev. Agency, 943 F.2d 912, 913 (8th Cir. 1991); Midstate Oil Co. v. Missouri Comm'n on Human Rights, 679 S.W.2d 842, 845-46 (Mo. 1984) (en banc). Having carefully reviewed the record, we agree with the district court that Mitchell failed to make this showing. Before Mitchell's suspensions and discharge, Parkway repeatedly cited him for failing to wear the proper uniform, refusing to follow orders, and violating school district policy. Because Mitchell failed to establish a factual dispute on an element of his prima facie case, the district court properly granted Parkway summary judgment. Weber v. American Express Co., 994 F.2d 513, 515-16 (8th Cir. 1993).
 
 
 3
 We also conclude the district court properly granted Parkway summary judgment on Mitchell's retaliation claims. Mitchell failed to show Parkway's suspensions and discharge of Mitchell were linked to Mitchell's filing of EEOC or MCHR charges. See Evans v. T.W. Services, Inc., 930 F.2d 612, 614 (8th Cir. 1991) (per curiam); Greenwood v. Ross, 778 F.2d 448, 456 (8th Cir. 1985) (to establish claim of retaliatory discharge based on First Amendment, plaintiff must show filing of EEOC charges was a substantial or motivating factor in employer's decision to discharge).
 
 
 4
 Accordingly, we affirm.