859 F.Supp. 366 (1994)
Ruth A. MARQUART, Plaintiff,
v.
McDONNELL DOUGLAS CORPORATION, Defendant.
No. 4:92CV00054 GFG.
United States District Court, E.D. Missouri, Eastern Division.
August 2, 1994.
D. Eric Sowers, St. Louis, MO, for plaintiff.
Dennis C. Donnelly, Partner, Anne J. Erwin, Bryan Cave, St. Louis, MO, for defendant.

*367 MEMORANDUM OPINION

GUNN, District Judge.
In this Title VII action, 42 U.S.C. § 2000(e) et seq., plaintiff asserts a claim of sexual harassment arising from a hostile work environment. In addition, plaintiff asserts that she was terminated from employment in retaliation for her complaints regarding the sexually hostile work environment.
Defendant responds that in each instance of alleged improper conduct of which it knew or had reason to know, it took immediate action to halt such behavior. Its reason for terminating plaintiff's employment was that she refused to cooperate in obtaining psychiatric treatment for her abnormal behavior at work.
The Court finds that the evidence does not support plaintiff's Title VII complaint of sexual harassment or that she was removed from employment in retaliation for filing complaints.
On November 3, 1980 plaintiff was employed by defendant as a custodial worker. Until her termination on January 21, 1991, the working relationships between plaintiff, her co-workers and supervisors was anything but smooth. The evidence is clear that plaintiff exhibited abnormal behavioral tendencies which were bound to irritate those with whom she had working relationships, including fellow employees, union representatives and supervisors  even physicians who treated her for behavioral problems. On the basis of her behavior, on October 2, 1985 plaintiff was placed on a mandatory medical leave of absence by the company physician, Dr. Lee B. Heutel. She returned to work on November 22, 1985.
Plaintiff contends that in early 1990, she was the subject of sexual harassment due to the conduct of her fellow employees which created a hostile work environment. Specifically she charges that: 1) she had been called a "whore" and that a bag of horehound candy was placed near her locker; 2) that photographs of co-workers' wives and girlfriends in swimsuits were displayed in the work place and that other pictures of other women in swimsuits were in the work area; 3) that she had seen a male employee simulate sexual intercourse using a tool; 4) that there was howling and whistling in the workplace; 5) on a single occasion a man's name had been placed over hers on a union campaign for office poster; 6) that an American Cancer Society brochure on testicular cancer had been placed in her locker; and 7) that some Playboy pictures and cartoons were in trash containers she was required to empty. On this latter matter, no complaint was made to her supervisor.
In response to each complaint lodged by plaintiff, a supervisor took immediate remedial action. The swimsuit photos  none of which depicted any form of nudity  were removed from display. With regard to the incident of the employee simulating sexual intercourse, it was determined that the employee was unaware that the plaintiff was watching him as he performed his crude act before a male co-worker. The employee was chastised by the supervisor and required to apologize to plaintiff. Plaintiff's co-workers were counseled and lectured on an individual and group basis that any form of harassment would not be tolerated. It is clear that the defendant's supervisors gave assiduous attention to each of plaintiff's complaints although it was obvious that some were chimerical.[1]
Plaintiff's reaction to the union campaign poster which displayed a man's name with hers is curious. She found it to be a form of sexual harassment because "a man and woman's name together meant marriage and marriage meant sex." The Court finds that plaintiff's reaction on this matter is unreasonable.[2]
*368 The whistling and howling complaint loses any impact of sex harassment through plaintiff's own witness, co-worker Mary Andrew, who did not find such conduct to be in the nature of sexual harassment. Ms. Andrew testified that the plaintiff had agreed with her in this regard.
Plaintiff's claim for Title VII hostile work environment sexual harassment rests on her ability to prove by a preponderance of the evidence the following:
(1) She belongs to a protected group; (2) she was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) [the defendant] knew or should have known of the harassment and failed to take proper remedial action.
Kopp v. Samaritan Health Sys., Inc., 13 F.3d 264, 269 (8th Cir.1993); Burns v. McGregor Elec. Indus., Inc., 989 F.2d 959, 964 (8th Cir.1993); Marquart v. Lodge 837, Int'l Ass'n of Machinists, 26 F.3d 842 (8th Cir.1994).[3]
The evidence does support a finding of hostility directed at plaintiff. It is evident that plaintiff's co-workers, both male and female, did not like her. It is also manifest that the animus directed against her was brought about by her own actions. Plaintiff struck her fellow employees with her broom, swept over their feet, deliberately placed trash containers where her co-workers would stumble over them and allowed trash to accumulate around certain workers' benches. A special irritant to her co-workers was plaintiff's obsession with taking copious notes of all their activities. These aggravating actions by plaintiff brought about reciprocation from co-workers and ultimate complaint from plaintiff.
The attitudes against plaintiff were shared by both male and female co-workers and thus not directed at plaintiff directly because of her sex. See Harris v. Forklifts Sys., Inc., ___ U.S. ___, ___, 114 S.Ct. 367, 377, 126 L.Ed.2d 295 (1993) (Ginsburg, J. concurring). "The critical issue ... is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed."
So here the situation exists whereby the plaintiff was the subject of certain abuse from both male and female co-workers, some imagined, some not, mostly brought upon herself. But in each instance, when the circumstances were brought to the employer's attention, immediate and appropriate corrective action was taken. Special effort was taken to tend to plaintiff's grievances. Thus, the Court finds that plaintiff's Title VII action fails in this particular case. Barrett v. Omaha Nat'l Bank, 726 F.2d 424, 427 (8th Cir.1984); Bouton v. BMW of North America, 29 F.3d 103 (3rd Cir.1994).

Retaliation
Plaintiff asserts that she was terminated as a retaliatory measure for filing the Title VII claim. This contention is also without merit.
It is, of course, unlawful for an employer to take retaliatory action against an employee for filing a Title VII complaint. 42 U.S.C. § 2000e-3(a); Barrett v. Omaha Nat'l Bank, 726 F.2d at 427 (8th Cir.1984).
To prevail on a retaliation claim, the plaintiff must establish that the employer took adverse action against her linked to the filing of the discrimination charge. Evans v. T.W. Services, Inc., 930 F.2d 612, 614 (8th Cir. 1991). In the event that plaintiff makes a prima facie case, the employer may overcome by articulating a legitimate, non-discriminatory reason for its action. Womack v. Munson, 619 F.2d 1292, 1296 (8th Cir.1980), cert. denied, 450 U.S. 979, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981); Caleshu v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 737 F.Supp. 1070, 1081 (E.D.Mo.1990). It is then the plaintiff's burden to prove that the employer's reason for its action is pretextual and that that motivating factor for that action was plaintiff's protected activity, Jackson v. Missouri Pacific R.R., 803 F.2d 401, 407 (8th Cir.1986).
*369 The facts are destitute of any linkage between defendant's action in terminating plaintiff and her filing of her Title VII claim. Hence, plaintiff has failed to make a prima facie case of retaliation. Evans v. T.W. Services, Inc., 930 F.2d at 614.
Time and again, plaintiff displayed abnormal behavior at work. Prior psychiatric examination in 1990 had resulted in evaluations that she needed treatment. Defendant's company physician directed that plaintiff make herself available for further diagnosis. Plaintiff refused to cooperate in this regard and was told that she must submit to examination by a psychiatrist or be terminated from her employment. Plaintiff was unwilling to keep appointments with physicians which had been made for her. Ultimately, she did appear with a friend at the office of Dr. David Goldmeier but was totally uncooperative and refused to sign a release for records to be sent to defendant's physician or allow an examination. Although plaintiff contends that Dr. Goldmeier was abusive, plaintiff's friend, Bernice Fair, who at plaintiff's insistence had accompanied her into the doctor's office and was with her when the doctor tried to examine her, related that he had been "very nice."
Because plaintiff had failed to comply with defendant's direct order that she obtain psychiatric diagnosis and treatment, she was terminated.
The Court finds that plaintiff did indeed exhibit irrational and bizarre behavior at work and that defendant's request that she submit herself for evaluation and treatment was reasonable. Jackson v. St. Joseph State Hosp., 840 F.2d 1387, 1391 (8th Cir.), cert. denied, 488 U.S. 892, 109 S.Ct. 228, 102 L.Ed.2d 218 (1988). Plaintiff's termination for insubordination of such order was likewise reasonable, legitimate and non-pretextual. This action had no connection whatsoever with her filing of the Title VII harassment claim. Thus, plaintiff has failed to make a case for claim of retaliation.
Judgment for defendant.

JUDGMENT
Pursuant to the memorandum opinion filed herein on this date,
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment shall be and it is entered in favor of defendant McDonnell Douglas Corporation on plaintiff's complaint.
NOTES
[1] Plaintiff posited complaint that someone had stolen her keys when it was apparent she was the one who had hidden them.

Another instance of harassment was charged against an employee who was absent at the time of the alleged offense.
[2] The Court's finding here does not address the issue of whether the circumstances are viewed from the perspective of a "reasonable person," see, Harris v. Forklifts Systems, Inc., ___ U.S. ___, ___, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993), or "reasonable woman," see, Burns v. McGregor Electronic Industries, Inc., 989 F.2d 959, 964 (8th Cir.1993). Her attitude in this regard is simply unreasonable.
[3] This is plaintiff's Title VII case against her union and in which she appeals an award of attorney's fees to her union after plaintiff's voluntary dismissal of her retaliation claim against the bargaining agent.