# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3653

_____

|  |  |  |
|---|---|---|
| Richard Cavaluzzi, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| Karen Schweppe; Neena Hicks, | * | District Court for the |
| | * | Eastern District of Missouri. |
| Plaintiffs, | * | |
| | * | [UNPUBLISHED] |
| v. | * | |
| | * | |
| AutoZone, Inc. | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  August 3, 2001
Filed: August 8, 2001

_____

Before WOLLMAN, Chief Judge, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Richard Cavaluzzi appeals from the district court's[1] grant of summary judgment to his employer, AutoZone, Inc., in his action asserting race discrimination and

_____

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

retaliation claims under Title VII, 42 U.S.C. § 2000(e), and the Missouri Human Rights Act (MHRA).  We review de novo the district court's grant of summary judgment, which is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 258 (8th Cir. 1996).

Having carefully reviewed the record and parties' submissions on appeal, we conclude that Cavaluzzi's claims fail because he did not present evidence of an adverse employment action.  See Gillming v. Simmons Indus., 91 F.3d 1168, 1173 n.2 (8th Cir. 1996) (applying same analysis to Title VII and MHRA claims); London v. Northwest Airlines, Inc., 72 F.3d 620, 624 (8th Cir. 1995) (elements of prima facie case of race discrimination under Title VII); Evans v. T.W. Servs., Inc., 930 F.2d 612, 614 (8th Cir. 1991) (elements of prima facie retaliation case under Title VII).

Accordingly, we affirm.  See 8th Cir. Rule 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.