# LYTLE *v.* HOUSEHOLD MANUFACTURING, INC., DBA SCHWITZER TURBOCHARGERS

No. 88–334.   Argued January 8, 1990—Decided March 20, 1990

MARSHALL, J., delivered the opinion for a unanimous Court. O'CONNOR, J., filed a concurring opinion, in which SCALIA, J., joined, *post*, p. 556.

*Judith Reed* argued the cause for petitioner. With her on the briefs were *Julius LeVonne Chambers, Charles Stephen Ralston, Ronald L. Ellis, Eric Schnapper,* and *Penda D. Hair.*

*H. Lane Dennard, Jr.,* argued the cause for respondent. With him on the brief was *A. Bruce Clarke.**

JUSTICE MARSHALL delivered the opinion of the Court.

In *Parklane Hosiery Co.* v. *Shore*, 439 U. S. 322 (1979), we held that a court's determinations of issues in an equitable action could collaterally estop relitigation of the same issues in a subsequent legal action without violating a litigant's right to a jury trial. *Id.,* at 333. In this case, petitioner brought both equitable and legal claims in the same action, but the District Court erroneously dismissed the legal claims. We must determine whether the District Court's resolution of the issues raised by petitioner's equitable claims bars relitigation of the same issues before a jury in the context of his legal claims. We hold that collateral estoppel does not preclude relitigation of those issues in these circumstances.

I

John Lytle, an Afro-American, worked as a machinist for Schwitzer Turbochargers, a subsidiary of Household Manu-

---

*\*Robert W. Williams, Douglas S. McDowell,* and *Garen E. Dodge* filed a brief for the Equal Employment Advisory Council as *amicus curiae* urging affirmance.

facturing, Inc. On August 11, 1983, Lytle asked his supervisor if he could take a vacation day on Friday, August 12, so that he could see a doctor. Although his supervisor approved that request, the supervisor later told Lytle that he was required to work on Saturday, August 13. Lytle objected because he would be too ill to work on Saturday. He did not report for work on either day, and the parties dispute whether he informed his employer of his intention to be absent both days. Schwitzer classified Lytle's absences as "unexcused." Under the company's discharge policy, more than eight hours of unexcused absences within a 12-month period provides grounds for dismissal. On that basis, Schwitzer fired Lytle.

Lytle filed a complaint with the Equal Employment Opportunity Commission (EEOC), alleging that he had been treated differently from white workers who had missed work. At the same time, Lytle applied for jobs with other employers, several of whom sought references from Schwitzer. Lytle alleges that his job search was unsuccessful because Schwitzer provided prospective employers only with Lytle's dates of employment and his job title.

After receiving a right to sue letter from the EEOC, Lytle filed this action seeking monetary and injunctive relief under both Title VII of the Civil Rights Act of 1964, 78 Stat. 253, 42 U. S. C. § 2000e *et seq.* (1982 ed.), and 16 Stat. 144, 42 U. S. C. § 1981 (1982 ed.). He alleged that Schwitzer had discharged him because of his race and had retaliated against him for filing a charge with the EEOC by providing inadequate references to prospective employers. In his complaint, Lytle requested a jury trial on all issues triable by a jury.

At the beginning of the trial, the District Court dismissed Lytle's § 1981 claims, concluding that Title VII provided the exclusive remedy for Lytle's alleged injuries. The District

Court then conducted a bench trial on the Title VII claims.[1] At the close of Lytle's case in chief, the court granted Schwitzer's motion to dismiss the claim of discriminatory discharge pursuant to Federal Rule of Civil Procedure 41(b) ("After the plaintiff, in an action tried by the court without a jury, has completed the presentation of evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence"). After both parties had presented all their evidence, the judge entered a judgment in favor of Schwitzer on the retaliation claim.

The Court of Appeals affirmed, 831 F. 2d 1057 (CA4 1987) (judgment order), but noted that the dismissal of the § 1981 claims was "apparently erroneous" because "Title VII and § 1981 remedies [are] separate, independent and distinct." App. to Pet. for Cert. 7a, n. 2. Nevertheless, it ruled that the District Court's findings with respect to the Title VII claims collaterally estopped Lytle from litigating his § 1981 claims because the elements of a cause of action under § 1981 are identical to those under Title VII. The Court of Appeals rejected Lytle's claim that the Seventh Amendment precluded according collateral-estoppel effect to the District Court's findings, reasoning that the judicial interest in economy of resources overrode Lytle's interest in relitigating the

---

[1] Under Fourth Circuit precedent, a plaintiff does not have a right to a jury trial on a Title VII claim. See *Keller* v. *Prince George's County*, 827 F. 2d 952, 955 (1987). This Court has not ruled on the question whether a plaintiff seeking relief under Title VII has a right to a jury trial. See *Chauffeurs, Teamsters and Helpers* v. *Terry, post*, at 572. Because Lytle does not argue that he was entitled to a jury trial on his Title VII claims, we express no opinion on that issue here. Instead, we assume for purposes of this opinion that he has no such right.

issues before a jury.[2] We granted certiorari, 492 U. S. 917 (1989), and now reverse.

## II

The Seventh Amendment preserves the right to trial by jury in "Suits at common law." Respondent does not dispute that, had the District Court not dismissed Lytle's § 1981 claims, Lytle would have been entitled to a jury trial on those claims. See *Patterson* v. *McLean Credit Union*, 491 U. S. 164, 211–212, 216 (1989) (BRENNAN, J., concurring in judgment in part and dissenting in part). When legal and equitable claims are joined in the same action, "the right to jury trial on the legal claim, including all issues common to both claims, remains intact." *Curtis* v. *Loether*, 415 U. S. 189, 196, n. 11 (1974). Further, had the § 1981 claims remained in the suit, a jury would have been required to resolve those claims before the court considered the Title VII claims, because "only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims." *Beacon Theatres, Inc.* v. *Westover*, 359 U. S. 500, 510–511 (1959) (footnote omitted). Accord, *Dairy Queen, Inc.* v. *Wood*, 369 U. S. 469, 473 (1962). The Court in *Beacon Theatres* emphasized the importance of the order in which legal and equitable claims joined in one suit would be resolved because it "thought that if an issue common to both legal and equitable claims was first determined by a judge, relitigation of the issue before a jury might be foreclosed by res judicata or collateral estoppel." *Parklane Hosiery Co.*, 439 U. S., at 334.

In *Parklane Hosiery Co.*, this Court held that "an equitable determination can have collateral-estoppel effect in a *subsequent* legal action and that this estoppel does not violate

---

[2] The Fourth Circuit's decision to apply collateral estoppel in this situation directly conflicts with the Seventh Circuit's decision in *Hussein* v. *Oshkosh Motor Truck Co.*, 816 F. 2d 348 (1987).

the Seventh Amendment." *Id.*, at 335 (emphasis added). In that case, a judgment had already been issued by a District Court and affirmed on appeal in a suit in which a jury trial was not constitutionally required. This Court held that the District Court's resolution of issues in that case collaterally estopped relitigation of the same issues in a second, separate action, even though the plaintiff was entitled to a jury trial in the second action. Respondent argues that this case is governed by *Parklane Hosiery Co.*, rather than by *Beacon Theatres,* because the District Court made its findings when no legal claims were pending before it. In respondent's view, if an appellate court finds that a trial court's dismissal of legal claims was erroneous and remands the legal claims to the trial court, that case would in effect constitute a separate action and therefore be subject to collateral estoppel under *Parklane Hosiery Co.*

We are not persuaded. Only the District Court's erroneous[3] dismissal of the § 1981 claims enabled that court to re-

---

[3] Respondent argues that dismissal of Lytle's § 1981 claims was not erroneous because Lytle's allegations do not state § 1981 claims in light of this Court's decision in *Patterson* v. *McLean Credit Union,* 491 U. S. 164 (1989). Under our Rules, "[o]nly the questions set forth in the petition, or fairly included therein, will be considered by the Court." This Court's Rule 14.1(a). The question of *Patterson*'s effect on Lytle's claims is not even remotely related to the question on which we granted certiorari. See Pet. for Cert. i ("Did the Fourth Circuit correctly hold that district court violations of the Seventh Amendment are unreviewable by the appellate courts if the trial judge, after violating the Amendment by refusing to empanel a jury, compounds that constitutional infraction by deciding himself the very factual issue which should have been presented to and decided by a jury?").

Respondent nonetheless contends that, whether or not the *Patterson* issue is fairly included in the question presented, the Court can consider its argument because, as the prevailing party below, it may "defend its judgment on any ground properly raised below whether or not that ground was relied upon, rejected, or even considered by the District Court or the Court of Appeals." *Washington* v. *Yakima Indian Nation,* 439 U. S. 463, 476, n. 20 (1979). The argument that the allegations of discriminatory dis-

solve issues common to both claims, issues that otherwise would have been resolved by a jury. But for that erroneous ruling, this case would be indistinguishable from *Beacon Theatres* and *Dairy Queen*. It would be anomalous to hold that a district court may not deprive a litigant of his right to a jury trial by resolving an equitable claim before a jury hears a legal claim raising common issues, but that a court may accomplish the same result by erroneously dismissing the legal claim. Such a holding would be particularly unfair here because Lytle was required to join his legal and equitable claims to avoid the bar of res judicata. See *Harnett* v. *Billman*, 800 F. 2d 1308, 1315 (CA4 1986) (holding that prior adjudication barred a claim that arose out of the same transactions and that could have been raised in prior suit).

Our conclusion is consistent with this Court's approach in cases involving a wrongful denial of a petitioner's right to a jury trial on legal issues. In such cases, we have never accorded collateral-estoppel effect to the trial court's factual

charge and retaliation did not concern conduct within the scope of § 1981 as defined by *Patterson*, however, was not presented to either court below, nor is it supported by arguments in the record. We therefore find nothing in the record to justify affirming the Fourth Circuit's judgment on the ground that Lytle has not stated a cause of action under § 1981.

Respondent also argues that because *Patterson* was decided after Lytle filed his petition for a writ of certiorari but before we granted the petition, the Court can consider that decision's effect on Lytle's § 1981 claims. In other words, respondent claims that the intervening decision is an extraordinary circumstance that justifies departing from our Rules. We are not persuaded that an exception is warranted in this case. Applying our analysis in *Patterson* to the facts of a particular case without the benefit of a full record or lower court determinations is not a sensible exercise of this Court's discretion. See *Blonder-Tongue Laboratories, Inc.* v. *University of Illinois Foundation*, 402 U. S. 313, 320, n. 6 (1971); *Sure-Tan, Inc.* v. *NLRB*, 467 U. S. 883, 896, n. 7 (1984). Cf. *Piccirillo* v. *New York*, 400 U. S. 548 (1971) (dismissing a writ of certiorari as improvidently granted because both parties agreed that an intervening state-court judgment rendered any decision by this Court meaningless). On remand, the Fourth Circuit should consider the impact of *Patterson* on Lytle's § 1981 claims.

determinations. Instead, we have reversed and remanded each case in its entirety for a trial before a jury. See *Meeker* v. *Ambassador Oil Corp.*, 375 U. S. 160 (1963) *(per curiam)* (reversing trial court's decision to try equitable claims first and thereby to bar jury trial on legal claims that relied on the same facts); *Tull* v. *United States*, 481 U. S. 412 (1987) (reversing and remanding claims for monetary penalties and injunctive relief because trial court improperly denied plaintiff a jury trial on the claims for monetary penalties); *Granfinanciera, S. A.* v. *Nordberg*, 492 U. S. 33 (1989) (reversing and remanding Bankruptcy Court's judgment because petitioners were denied a jury trial and according no weight to trial judge's factual findings).

Furthermore, the purposes served by collateral estoppel do not justify applying the doctrine in this case. Collateral estoppel protects parties from multiple lawsuits and the possibility of inconsistent decisions, and it conserves judicial resources. *Montana* v. *United States*, 440 U. S. 147, 153–154 (1979). Application of collateral estoppel is unnecessary here to prevent multiple lawsuits because this case involves one suit in which the plaintiff properly joined his legal and equitable claims. Moreover, our refusal to apply collateral estoppel does not dissipate judicial resources in "needless litigation" over previously resolved issues, *Parklane Hosiery Co.*, 439 U. S., at 326. Although our holding requires a new trial in this case, we view such litigation as essential to vindicating Lytle's Seventh Amendment rights. The relitigation of factual issues before a jury is no more "needless" in this context than in cases in which a trial court erroneously concludes that a claim is equitable rather than legal, see, *e. g., Dairy Queen, Inc.* v. *Wood*, 369 U. S. 469 (1962), or that resolution of an equitable claim can precede resolution of a legal claim, see, *e. g., Beacon Theatres, Inc.* v. *Westover*, 359 U. S. 500 (1959). In all of these circumstances, relitigation is the only mechanism that can completely correct the error of the court below. Thus, concern about judicial econ-

omy, to the extent that it supports respondent's position, remains an insufficient basis for departing from our longstanding commitment to preserving a litigant's right to a jury trial.

## III

Respondent argues that notwithstanding our resolution of the collateral-estoppel issue, we should affirm the Court of Appeals' judgment because the record indicates that the District Court would have directed a verdict in favor of respondent on the § 1981 claims even if those claims had been litigated before a jury. This argument is not compelling with respect to either the discriminatory discharge claim or the retaliation claim.

Pursuant to Federal Rule of Civil Procedure 41(b), the District Court dismissed the Title VII claim relating to allegations of discriminatory discharge. After making several factual findings on the basis of evidence adduced by Lytle, Tr. 258, the court concluded that he had not established a prima facie case. *Id.*, at 259. Respondent contends that this ruling establishes that the court would also have directed a verdict against Lytle on his similar § 1981 claim because that claim required proof of the same prima facie case.

Respondent's reasoning ignores the important distinction between a dismissal under Rule 41(b) and a directed verdict under Rule 50(a). Rule 41(b) allows the court "as trier of the facts" to determine the facts and the law "and render judgment against the plaintiff or . . . decline to render any judgment until the close of all the evidence." In contrast, in considering a motion for a directed verdict, the court does not weigh the evidence, but draws all factual inferences in favor of the nonmoving party. *Anderson* v. *Liberty Lobby, Inc.*, 477 U. S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . . The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his

favor"). Thus, although a court might, after reviewing the evidence, decide in favor of the party moving for a dismissal under Rule 41(b), that court might not take the same case away from the jury because it might believe that the jury could *reasonably* find for the nonmoving party. The District Court's observation that Lytle's interpretation of the evidence supporting his discriminatory discharge claims was "reasonable," Tr. 253, supports our conclusion that that court would not necessarily have granted a directed verdict on Lytle's similar § 1981 claim.

Respondent's argument with respect to Lytle's allegations of retaliation is even further off base. The District Court declined to dismiss the retaliation claim, finding that Lytle had adduced some evidence of disparate treatment, Tr. 256, 257, and required respondent to present evidence on that issue. After both parties presented closing statements, the court found no evidence of discrimination on the part of respondent, *id.*, at 301, and then entered a judgment in respondent's favor. Nothing in the record indicates that the court reached the only reasonable conclusions or that a jury could not have found the facts differently and entered a different verdict. As we have long recognized, a jury and a judge can draw different conclusions from the same evidence. See, *e. g.*, *Railroad Co.* v. *Stout*, 17 Wall. 657, 664 (1874). Thus, we are not convinced that the District Court would have granted a motion for a directed verdict on Lytle's § 1981 claim concerning retaliation.

## IV

We decline to extend *Parklane Hosiery Co.*, *supra*, and to accord collateral-estoppel effect to a district court's determinations of issues common to equitable and legal claims where the court resolved the equitable claims first solely because it erroneously dismissed the legal claims. To hold otherwise would seriously undermine a plaintiff's right to a jury trial under the Seventh Amendment. We therefore vacate

the judgment of the Fourth Circuit, vacate the decision of the District Court with respect to Lytle's Title VII claims,[4] and remand for proceedings consistent with this opinion.

*It is so ordered.*

JUSTICE O'CONNOR, with whom JUSTICE SCALIA joins, concurring.

I join the Court's opinion but write separately to note what the Court acknowledges in the last sentence of a footnote, see *ante,* at 551–552, n. 3: that the question whether petitioner has stated a valid claim under § 1981 remains open. In the District Court, petitioner claimed that respondent had fired him because of his race and retaliated against him for filing a charge of discrimination with the Equal Employment Opportunity Commission. *Ante,* at 548. As *Patterson* v. *McLean Credit Union,* 491 U. S. 164 (1989), was decided after the Court of Appeals issued its decision, the applicability of § 1981 to these claims was not specifically addressed. This Court's usual practice is to decline to address questions raised for the first time here. See *United States* v. *Mendenhall,* 446 U. S. 544, 551–552, n. 5 (1980); *Youakim* v. *Miller,* 425 U. S. 231, 234 (1976). The Court adheres to this practice, noting that arguments based on *Patterson* neither were "presented to either court below" nor are to be found "in the record." *Ante,* at 552, n. 3. The Court correctly concludes that there is "therefore . . . nothing in the record to justify affirming the Fourth Circuit's judgment" at this juncture. *Ibid.* On remand, therefore, the parties will have ample

---

[4] Vacating the District Court's determination regarding Lytle's Title VII claims is required to afford Lytle complete and consistent relief. Had his § 1981 claims not been dismissed, the jury's determination of legal and factual issues could not have been disregarded when the District Court considered his equitable claims. Moreover, vacating the District Court's judgment avoids the possibility of inconsistent determinations. See *Montana* v. *United States,* 440 U. S. 147, 154 (1979) (noting that inconsistent decisions pose threat of diminishing reliance on the judiciary).

opportunity to present arguments, and the lower courts will have the first opportunity to consider whether either of petitioner's charges relates to the formation or enforcement of a contract, the two types of claims actionable under § 1981, *Patterson*, 491 U. S., at 176–178, or relates only to "postformation conduct unrelated to an employee's right to enforce [his] contract." *Id.*, at 180.