Nancy **AXELROD** and Nicholas Axelrod Panagopoulos, Plaintiffs,

v.

**PHILLIPS ACADEMY**, Andover, Defendant.

No. Civ.A. 99–1005–EFH.

United States District Court, D. Massachusetts.

Nov. 18, 1999.

Marc Redlich, Law Offices of Marc Redlich, Boston, MA, Merle Ruth Hass, Law Offices of Marc Redlich, Boston, MA, for Nancy Axelrod, plaintiffs.

Douglas F. Seaver, Hinckley, Allen & Snyder, Boston, MA, Philip Burling, Foley, Hoag & Eliot LLP, Boston, MA, for Phillips Academy, Phillips Academy Andover, defendant.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

### STATEMENT OF THE CASE

This matter is before the Court on the defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This motion presents two issues for the Court to decide: first, whether the plaintiffs are barred from trying their jury claim for damages because of this Court's prior decision denying the plaintiffs a permanent injunction; and, second, whether summary judgment for the defendant should be granted as a matter of law because there remains no dispute as to a material fact as to whether Plaintiff Nicholas Panagopolous was "disabled" or "otherwise qualified" under the applicable law. For the reasons stated below, summary judgment is denied.

The plaintiffs in this case, Nancy Axelrod ("Axelrod") and Nicholas Axelrod Panagopoulos ("Nicholas"), brought this suit against the defendant school, Phillips Academy, Andover ("Phillips Academy"), claiming that Phillips Academy violated state and federal laws against disability discrimination and breached its contract with the plaintiffs by expelling Nicholas after the first trimester of his senior year.[1] In the three counts of their complaint, the plaintiffs sought temporary and preliminary injunctive relief, as well as permanent injunctive relief and damages against Phillips Academy. Count I sought damages for breach of contract, while Count II sought damages for violations of the Americans with Disabilities Act, the Rehabilitation Act of 1973, and various violations of the Massachusetts constitution and disability discrimination laws. Count III sought equitable relief pursuant to their claims in Counts I and II in the form of an injunction ordering Phillips Academy to re-admit Nicholas as a student.

On February 16, 1999, this Court issued a preliminary injunction, ordering Phillips Academy to re-admit Nicholas.[2] In its Memorandum of February 17, 1999 which laid out the Court's grounds for granting the preliminary injunction, the Court set the case for an early trial on March 15, 1999. Although the plaintiffs had asserted several state and federal claims, the sole issue tried at that time was whether the Court would issue a permanent injunction under Title III of the Americans with Disabilities Act ("ADA").[3] 42 U.S.C.

---

1. For an account of the facts from which this controversy arose refer to this Court's Memorandum and Order of April 12, 1999, *Axelrod, et al. v. Phillips Academy, Andover,* 46 F.Supp.2d 72 (D.Mass.1999).

2. *Axelrod, et al. v. Phillips Academy, Andover,* 36 F.Supp.2d 46 (D.Mass.1999).

3. Prior to the start of the trial, the Court issued a series of orders which narrowed the issues which would be tried before the Court at that time. On March 8, 1999, the Court severed the plaintiffs' claim for breach of contract asserted in Count I, leaving Counts II and III. The Court then ordered on March 10, 1999 that with respect to Count II only plaintiffs' federal causes of action would be tried at that time. On March 12, 1999, the Court issued an Order clarifying its February 17, 1999 Order setting the case for accelerated

§ 12182. After a nine-day bench trial, the Court issued an Order on March 30, 1999 denying plaintiffs' Motion for Permanent Injunction and reinstating Phillips Academy's action requiring Nicholas to withdraw.[4]

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment will be granted only upon a showing "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hinchey v. NYNEX Corp.*, 144 F.3d 134, 140 (1st Cir. 1998) (quoting Fed.R.Civ.P. 56(c)). In deciding a motion for summary judgment the facts must be viewed "in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Borschow Hospital & Medical Supplies, Inc. v. Cesar Castillo Inc.*, 96 F.3d 10, 14 (1st Cir.1996). Accordingly, the facts are read in the light most favorable to the plaintiffs.

## ISSUE PRECLUSION

■ The plaintiffs are not barred by the doctrine of collateral estoppel, which is also referred to as issue preclusion, from seeking legal relief in this case. Since the plaintiffs specifically sought both equitable and legal relief in their complaint, they are clearly entitled to a trial jury on their legal claims for damages. *See Lytle v. Household Manufacturing, Inc.*, 494 U.S. 545, 550, 110 S.Ct. 1331, 1335, 108 L.Ed.2d 504 (1990) ("When legal and equitable claims are joined in the same action, 'the right to jury trial on the legal claim, including all issues common to both claims, remains intact.'") (quoting *Curtis v. Loether*, 415 U.S. 189, 196, n. 11, 94 S.Ct. 1005, 1009, n. 11, 39 L.Ed.2d 260 (1974)). The plaintiffs' constitutional right to try their legal claims before a jury was not foreclosed by this Court's ruling on the plaintiffs' equitable claims.

■ Ordinarily when legal and equitable claims are joined in the same action, as in this case, the legal claims should be decided first by a jury. *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510, 79 S.Ct. 948, 956, 3 L.Ed.2d 988 (1959). However, in this case, the Court, sitting without a jury, proceeded with the hearing on permanent injunction before holding the jury trial on damages. The equitable remedy was of primary concern to the immediate interests of the parties. The crucial issue in dispute was whether the plaintiff was to remain as a student or be required to withdraw from Phillips Academy. The ultimate decision on the equitable question had to be rendered before the start of the third trimester on April 1— which would have been Nicholas' final trimester of his senior year if he were readmitted. If this Court had made permanent the preliminary injunction already in effect, no damages might have been incurred. In truth, damages could not be reasonably calculated until the crucial decision as to whether the plaintiff would remain in school or not was expeditiously rendered.

It was neither the intention of this Court, nor is it dictated by the law, that its decision with regard to the issuance of a permanent injunction would have a preclusive effect on the plaintiffs' constitutional

trial. In its March 12 Order, the Court stated,

> It was the court's intention when it issued its February 17, 1999 Order that the accelerated trial on the merits would relate exclusively to the Motion for a Permanent Injunction under the ADA and not to a trial for damages.
>
> The court severs such damage claim from the trial at this time and orders that the trial proceed on the plaintiffs' motion for permanent injunction to be conducted before the Court without a jury. Any trial for damages shall be tried before a jury at a later date.

The bench trial scheduled to commence on March 15 related solely to plaintiffs' prayer for equitable relief and was not intended to affect plaintiffs' claims for damages.

4. *Axelrod, et al. v. Phillips Academy, Andover*, 46 F.Supp.2d 72 (D.Mass.1999).

right to have a jury decide their legal claims. In *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979), the Supreme Court held that a court's determinations of issues in an equitable action can have collateral estoppel effect on the relitigation of the same issues in a subsequent legal action without violating a litigant's right to a jury trial. *See id.*, 439 U.S. at 333–37, 99 S.Ct. at 652–655. However, the Supreme Court has subsequently refused to give preclusive effect to the determinations of issues common to equitable and legal claims by a district court sitting in equity where the equitable and legal claims had been joined in the same action. *See Lytle*, 494 U.S. at 551–52, 110 S.Ct. at 1336–37. The Supreme Court reasoned that to do otherwise would seriously undermine a plaintiff's right to a jury trial under the Seventh Amendment. *See id.*

This case falls squarely within the holding of *Lytle.* Unlike in *Parklane*, the plaintiffs' claim for damages is not a subsequent legal action, but rather it is part of the same legal action. In their amended complaint, the plaintiffs specifically sought both equitable and legal relief. Since this is one single action, the purposes served by collateral estoppel do not justify applying the doctrine to this case. *See Lytle*, 494 U.S. at 553, 110 S.Ct. at 1337. Therefore, this Court's ruling on the plaintiffs' equitable claim does not foreclose the plaintiffs from trying their legal claims before a jury.

### *DISPUTE OF MATERIAL FACTS*

■ Phillips Academy's motion for summary judgment is also denied because it has failed to establish that no genuine issue of material facts exists. While this Court's findings on the evidence presented at the nine-day trial on the permanent injunction led it to conclude that Nicholas was not "otherwise qualified" and that Phillips Academy had provided all "reasonable accommodations" that were requested by the plaintiffs, *see Axelrod*, 46 F.Supp.2d at 83–87, it has long been recognized that "a jury and a judge can draw different conclusions from the same evidence." *Lytle*, 494 U.S. at 555, 110 S.Ct. at 1338. The plaintiffs have presented evidence from which a reasonable jury could conclude that Nicholas was both "disabled" and "otherwise qualified" within the meaning of the ADA and that Phillips Academy failed to provide "reasonable accommodations" for Nicholas' disability. As such, the plaintiffs should have their opportunity to present such evidence to a jury.

### *CONCLUSION*

The plaintiffs are not barred from presenting their case for damages to a jury by this Court's earlier denial of their equitable claim for a permanent injunction. The jury, drawn from the people and representative of them, is the democratic constituent of our judicial system. It is the instrument by which citizens are able to participate in their governance and, by applying the general laws to a particular case, resolve society's disputes. It is the foundation of our jurisprudence in a constitutional democracy that a person has a right to have his claim for damages adjudicated by a jury composed of his fellow members of society.

Defendant's Motion for Summary Judgment is denied.

SO ORDERED.