IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0027
════════════
 
G. Byron Kallam, M.D.; Mary Angeline Finke, 
M.D.; The Medical Clinic of North Texas, P.A.; Obstetrical and Gynecological 
Associates of Arlington; Gerald Thompson, M.D.; and Family Health Care 
Associates, Petitioners,
 
v.
 
Sharon Boyd, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Second District of 
Texas
════════════════════════════════════════════════════
 
 
Argued December 7, 
2006
 
PER CURIAM
 
 
            
Sharon Boyd sued five health care providers for failing to diagnose her 
colorectal cancer.  The trial court granted partial summary judgment 
dismissing Boyd’s claims of negligence that occurred more than two years before 
she filed suit as being barred by limitations.[1]  That judgment became final by 
severance, and Boyd appealed.  The court of appeals reversed in part, 
concluding that the Open Courts provision of the Texas Constitution[2] precluded application of the statute of 
limitations to bar claims before Boyd reasonably could have discovered them, and 
remanded the case to the trial court.[3]  We granted the defendants’ petition 
for review to decide this issue, but shortly before oral argument, Boyd 
died.
            
Boyd’s death does not affect the court of appeals’ judgment or the continuation 
of this appeal.[4]  But because of the change in the 
posture of the case, we decline to address the important constitutional issue 
that is presented.  On remand, Boyd’s heirs or estate representative may, 
of course, continue the litigation.[5]  Although we have held generally 
that “wrongful-death and survival claimants cannot establish an open-courts 
violation because they ‘have no common law right to bring either,’”[6] respondent’s counsel and amicus curiae 
contend that the rule should be different in this case because Boyd’s death 
while on appeal resulted directly from the negligent misdiagnoses, and denying 
Open Courts protection to her family’s statutory claims on these facts would 
subvert public policy goals.  We believe prudence dictates awaiting a case 
in which this important issue has been fully litigated below “so that we will 
have the benefit of developed arguments on both sides and lower court opinions 
squarely addressing the question.”[7]  
            
Accordingly, the order granting the petitions for review is withdrawn as 
improvidently granted, and the petitions for review are denied.
 
                                                                                    

Opinion delivered:  June 15, 
2007
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
            








[1] 
Act of May 30, 1977, 65th Leg., R.S., ch. 817, § 
10.01, 1977 Tex. Gen. Laws 2052, formerly Tex. Rev. Civ. Stat. 
Ann. art. 4590i, § 10.01 
(“Notwithstanding any other law, no health care liability claim may be commenced 
unless the action is filed within two years from the occurrence of the breach or 
tort or from the date the medical or health care treatment that is the subject 
of the claim or the hospitalization for which the claim is made is completed.”) 
(current version at Tex. Civ. Prac. & Rem. 
Code § 74.251).  
The prior law continues in effect for cases like this one, filed before the new 
Act’s September 1, 2003 effective date.

[2] 
Tex. Const. art. I, § 13 (“All courts 
shall be open, and every person for an injury done him, in his lands, goods, 
person or reputation, shall have remedy by due course of law.”).

[3] 152 S.W.3d 670, 
687.  

[4] 
Tex. R. App. P. 7.1(a)(1) (“Civil Cases.  If a party to a civil case dies 
after the trial court renders judgment but before the case has been finally 
disposed of on appeal, the appeal may be perfected, and the appellate court will 
proceed to adjudicate the appeal as if all parties were alive.  The 
appellate court’s judgment will have the same force and effect as if rendered 
when all parties were living.  The decedent party’s name may be used on all 
papers.”).

[5] 
Tex. R. Civ. P. 151 (“If the 
plaintiff dies, the heirs, or the administrator or executor of such decedent may 
appear and upon suggestion of such death being entered of record in open court, 
may be made plaintiff, and the suit shall proceed in his or their name.  If 
no such appearance and suggestion be made within a reasonable time after the 
death of the plaintiff, the clerk upon the application of defendant, his agent 
or attorney, shall issue a scire facias for the heirs or the administrator or executor of 
such decedent, requiring him to appear and prosecute such suit.  After 
service of such scire facias, should such heir or administrator or executor fail 
to enter appearance within the time provided, the defendant may have the suit 
dismissed.”).

[6] 
Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 903 (Tex. 2000) (quoting Bala v. Maxwell, 909 S.W.2d 889, 893 
(Tex. 
1995)).

[7] 
Yee v. City of Escondido, 503 
U.S. 519, 538 (1992) (citing 
Lytle v. Household Mfg., Inc., 494 U.S. 545, 552 
n.3 (1990)).