OPINION OF THE COURT
RENDELL, Circuit Judge.
This case is before us on appeal following the District Court’s grant of summary *358 judgment in favor of Appellees Carpenter, Bennett & Morrissey (“CBM”) and denial of Appellants Mark A. Speeney, David M. Oestreicher and Adriana Greci Green’s motion to disqualify CBM from representing Rutgers University. The District Court held an evidentiary hearing to decide Appellants’ motion for disqualification and made certain findings of fact. The District Court’s subsequent grant of summary judgment was based on its application of those factual findings to Appellants’ legal malpractice and breach of a fiduciary duty/eonstructive trust claims. The District Court held that the law of the case doctrine prevented its factual findings from being relitigated. Because Appellants did not have a full and fair opportunity to litigate their malpractice and breach of fiduciary duty claims, and because the District Court did not properly consider the new evidence Appellants presented at the summary judgment stage, we find that the law of the case doctrine does not apply. We will therefore vacate the District Court’s order and remand for further proceedings.
BACKGROUND
Appellants are alleged victims of sexual harassment by a former Rutgers professor, William Powers, who has since been de-tenured. CBM was initially retained to represent Rutgers in connection with Powers’ de-tenure hearing and to defend Rutgers against a federal lawsuit brought by Powers. Appellants believed they had an attorney-client relationship with CBM and that CBM would be representing their interests in the tenure hearings. Appellants’ Br. 6. In June 1998, Rutgers and Powers settled the internal dismissal proceedings and Powers’ claim against Rutgers, but Appellants were not consulted regarding settlement negotiations.
In 1999, Appellants filed suit against Rutgers, Powers, CBM, and other defendants in the Superior Court of New Jersey. This action was removed to the District Court for the District of New Jersey and assigned to Judge John W. Bissell. Appellants were displeased with Rutgers’ resolution of the Powers matter without consulting them and alleged that CBM and Appellants had an attorney-client relationship and that CBM breached its duty to them as clients, or, in the alternative, that CBM breached a fiduciary duty to Appellants as well as their ethical obligations by not complying with N.J. Rules of Professional Conduct.
On September 29, 2003, Judge Bissell granted CBM’s first motion for summary judgment on Appellants’ claims of breach of the Rules of Professional Conduct (not appealed) and legal malpractice, but denied this motion as to their constructive trust/breach of fiduciary duty claim. Judge Bissell also bifurcated Appellants’ claims against CBM from their claims against Rutgers and stayed all discovery against CBM until Appellants’ claims against Rutgers and Powers were resolved because of the difficulty in determining damages before the underlying action was resolved. On July 15, 2004, after the parties filed cross-motions for reconsideration, Judge Bissell reinstated Appellants’ malpractice claim due to genuine issues of material facts. In January 2005, Appellants brought a motion to disqualify CBM as counsel for Rutgers based on a conflict of interest between CBM and Appellants. Appellants maintained that they had an attorney-client relationship with CBM. On March 8, 2005, Judge Bissell held that he could not rule on Appellants’ motion to disqualify CBM before conducting an evi-dentiary hearing to determine if there was an actual or implied attorney-client relationship between CBM and Appellants.
*359 The case was then transferred to Judge Dennis M. Cavanaugh who held an eviden-tiary hearing to determine if CBM and Appellants had an express or implied attorney-client relationship on January 23 through January 26, 2006. On January 27, 2006, Judge Cavanaugh denied Appellants’ motion to disqualify finding that there was no actual or implied attorney-client relationship between CBM and Appellants and that Appellants were merely witnesses in the dismissal proceedings against Powers. CBM then moved for summary judgment on Appellants’ constructive trust/breaeh of fiduciary duty and malpractice claims. On November 9, 2006, Judge Cavanaugh granted CBM’s summary judgment motion based on his factual findings from the evi-dentiary hearings regarding the relationship between CBM and Appellants. On February 9, 2007, Judge Cavanaugh denied Appellants’ motion for reconsideration of his summary judgment decision and their motion for certification as a final judgment or for interlocutory appeal.
Appellants subsequently settled their claims with all other defendants. They appeal the District Court’s grant of summary judgment as to their attorney malpractice and breach of a constructive trust/fiduciary duty claims as well as the District Court’s denial of their motion to disqualify CBM from serving as Rutgers’ counsel.
DISCUSSION[1]
The Law of the Case
The District Court held an evidentiary hearing on Appellants’ motion to disqualify CBM from representing Rutgers to determine if Appellants’ reasonable reliance on CBM created an implied attorney-client relationship. After finding that the Appellants did not reasonably believe that CBM was acting as then* attorney and therefore that no express or implied attorney-client relationship existed, the District Court denied the motion to disqualify.[2]
In its summary judgment ruling, the District Court held that its previous determination that Appellants did not reasonably rely on CBM as their attorney was the law of the case. The law of the case doctrine states that “when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.” Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988); see also Laborers’ Int’l Union of N. Am., AFL-CIO v. Foster-Wheeler Energy Corp., 26 F.3d 375, 396-97 (3d Cir.1994) (factual decisions explicitly reached or reached by necessary inference become the law of the case if not contested on appeal).
The law of the case doctrine “limits relit-igation of an issue once it has been decided” in an earlier stage of the same litigation. In re Continental Airlines, Inc., 279 F.3d 226, 232 (3d Cir.2002). We apply the doctrine with the intent that it will promote finality, consistency, and judicial economy. In re City of Philadelphia Litig., 158 F.3d 711, 717-18 (3d Cir.1998).
Hamilton v. Leavy, 322 F.3d 776, 786-87 (3d Cir.2003).
The law of the case doctrine is not a restriction on the court’s power, but is a discretionary doctrine. City of Phila., 158 F.3d at 718. Because the District Court previously found that there was no reasonable reliance and reasonable reliance is an *360 element of Appellants’ legal malpractice and fiduciary duty/breach of constructive trust claims,[3] the Court held that under the law of the case doctrine these claims could not survive summary judgment. A jury verdict cannot stand if there is no possible way for it to be reconciled with the law of the case.[4] See Bolden v. Se. Pa. Transp. Auth., 21 F.3d 29, 30-31 (3d Cir.1994).
A. Full and Fair Opportunity to Litigate
The law of the ease doctrine only precludes relitigation of issues that the parties had a full and fair opportunity to litigate. Westerbeke Corp. v. Daihatsu Motor Co., Ltd., 304 F.3d 200, 219 (2d Cir.2002); see also Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 203, n. 13 (3d Cir.2004). Appellants contend that they did not have a full and fair opportunity to litigate the merits of their legal malpractice and breach of a fiduciary duty claims during the evidentiary hearing on the motion for disqualification.
At the beginning of the evidentiary hearing on the motion to disqualify, Judge Cavanaugh explicitly told counsel that the hearing was not a trial of the merits of Appellants’ claims and was limited to the issue of disqualification:
[Tjhis is an evidentiary hearing just on this issue of disqualification ... We’re going to have the hearing on the disqualification only.... So to the extent that people think that this is going to be a trial of the case, it is not.... This is going to be a limited hearing on the issue as Judge Bissell suggested or directed.
Transcript at 25.
Furthermore, Appellants’ lawyer stated at the end of the hearing that if he had been trying to prove his malpractice case there would have been other discovery he would have pursued and that he had not “endeavored to meet that burden of proof.” Transcript at 757-58. Appellants’ lawyer stated:
*361 Were I attempting to prove, let’s say, my malpractice case, there would have been other discovery I would have pursued and things like that; but at this time, I just want to make it clear that I have not had all the discovery that I would expect to have by the time the malpractice case is tried.

Id.

Judge Cavanaugh replied “No. Well, correctly: you weren’t supposed to. So I wasn’t expecting you to do that.” Id.
It is clear that Appellants did not have a full and fair opportunity to litigate the merits of their malpractice and breach of fiduciary duty claims, including the reasonable reliance element, during the eviden-tiary hearing on the motion to disqualify. Therefore, these claims are not barred by the law of the case doctrine.
B. New Evidence
Additionally, there is an exception to the law of the case doctrine when new evidence is presented. We explore it here to provide guidance. We have said:
Reconsideration of a previously decided issue may, however, be appropriate in certain circumstances, including when the record contains new evidence. [City of Philadelphia Litig., 158 F.3d] at 718; Bridge v. United States Parole Comm’n, 981 F.2d 97, 103 (3d Cir.1992). This exception to the law of the case doctrine makes sense because when the record contains new evidence, “the question has not really been decided earlier and is posed for the first time.” Bridge, 981 F.2d at 103. But this is so only if the new evidence differs materially from the evidence of record when the issue was first decided and if it provides less support for that decision. City of Philadelphia Litig., 158 F.3d at 720. Accordingly, if the evidence at the two stages of litigation is “substantially similar,” or if the evidence at the latter stage provides more support for the decision made earlier, the law of the case doctrine -will apply. Id.
Hamilton, 322 F.3d at 787.
Appellants claim that they were unable to present certain facts at the evidentiary hearing because the District Court had stayed all discovery relating to their claims against CBM until their claims against Rutgers were complete. App. 436-41. Appellants submitted a Rule 56(f) Certification [5] to the District Court detailing their inability to present certain facts to oppose CBM’s summary judgment motion.[6] App. 434-575. The District Court did not mention the Rule 56(f) certification at all in ruling on summary judgment.
Appellants argue that there was new evidence that they were unable to present at the disqualification hearing,[7] which cre *362 ates an exception to the law of the case doctrine. In its summary judgment opinion, the District Court determined that Appellants’ new evidence did not compel reconsideration of the Court’s order denying disqualification, but did not explicitly address what the new evidence was or why it was not persuasive. The District Court did not consider whether this new evidence compelled an exception to the law of the case doctrine and instead considered it only in the context of Appellants’ motion to reconsider the disqualification decision:
While Plaintiffs point to “new” evidence that requires reconsideration of the disqualification hearing, it is not apparent that this evidence was not previously unavailable or that this “new” evidence compels reconsideration of this Court’s January 30, 2006 Order. Specifically, Plaintiffs point to documents that, they claim, reveal that CBM considered themselves to be representing Plaintiffs. Plaintiffs argue that these documents thereby show that Plaintiffs were reasonable in their belief that CBM represented their interests. This argument is not persuasive and disregards the fact that this Court has already determined after an exhaustive hearing that any belief held by Plaintiffs that the CBM Defendants represented them was unreasonable.
App. 96.
The District Court considered the new evidence presented by Appellants only in the context of a motion for reconsideration of the disqualification motion, and not in the context of its determination as to whether the law of the case doctrine should apply. The District Court should have determined whether the new evidence was “substantially similar” to the evidence presented at the evidentiary hearing and, accordingly, whether the law of the case doctrine should apply. If the new evidence was materially different from that presented at the disqualification hearing, the law of the case doctrine would not apply and there would be a genuine issue of material fact as to whether CBM and Appellants had an implied attorney-client relationship.
In light of the foregoing, we will VACATE the order of the District Court and REMAND for further proceedings.

. The District Court had jurisdiction under 28 U.S.C. § 1331 and we have jurisdiction under 28 U.S.C. § 1291.

. Appellants also appeal this ruling but in light of the fact that Appellants ’ have since settled their case against Rutgers, the issue of whether CBM should have been disqualified from representing Rutgers is now moot.

. "[A] member of the bar owes a fiduciary duty to persons, though not strictly clients, who he knows or should know rely on him in his professional capacity.” Albright v. Burns, 206 N.J.Super. 625, 503 A.2d 386, 389 (1986).

. Appellants rely largely on Lytle v. Household Manufacturing, Inc., 494 U.S. 545, 110 S.Ct. 1331, 108 L.Ed.2d 504 (1990), a case in which the Court held that — although "an equitable determination can have collateral-es-toppel effect in a subsequent legal action and that this estoppel does not violate the Seventh Amendment,” id. at 550-51, 110 S.Ct. 1331 (emphasis in original) — the Seventh Amendment precludes according collateral estoppel effect to a district court's determination of issues common to equitable and legal claims where equitable and legal claims are brought in the same action and the district court improperly dismissed the legal claims. Id. at 555, 110 S.Ct. 1331 ("We decline to extend Parklane Hosiery Co., supra, and to accord collateral-estoppel effect to a district court’s determinations of issues common to equitable and legal claims where the court resolved the equitable claims first solely because it erroneously dismissed the legal claims. To hold otherwise would seriously undermine a plaintiff’s right to a jury trial under the Seventh Amendment.”). Here, however, the District Court did not mistakenly take up equitable claims that would cut off legal claims that should go to a jury. Instead, the District Court took up, at the Appellants’ own insistence, the Appellants’ own motion to disqualify CBM. The Appellants filed the motion presumably knowing that the question of whether an attorney-client relationship existed between CBM and the Appellants was central to both the disqualification motion and to their malpractice claim. Hence, since the Appellants themselves made the pre-trial motion to disqualify CBM as Rutgers' counsel, knowing that this would require a judicial determination of whether there was an express or implied attorney-client relationship between CBM and Appellants, the present case is clearly distinguishable from Lytle.

. "Rule 56(f) of the Federal Rules of Civil Procedure gives the district court discretion to defer ruling on a summary judgment motion when a party opposing summary judgment files an affidavit indicating that it needs more discovery." Radich v. Goode, 886 F.2d 1391, 1393 (3d Cir.1989). Rule 56(0 requires a party to explain its need for discovery, what material facts it hopes to discover, and why it has been unable to discover the information. Id. at 1393-94.

. In their Rule 56(0 certification Appellants claim that the discovery stay prevented them from subpoenaing Powers’ attorney, taking longer depositions of witnesses who testified at the disqualification hearing (only limited four-hour depositions were allowed), and looking over the privilege log from Rutgers to determine which additional documents were necessary and discoverable. App. 436-37.

.According to Appellants, new evidence presented at the summary judgment stage that was not presented during the hearing on the motion to disqualify included settlement correspondence between CBM and Powers as well as deposition testimony. (Reply Br. 6-7, citing Appellants’ Br. 14-20). In particular, Appellants contend that the settlement corre *362 spondence between CBM and Powers’ attorney demonstrated that CBM made settlement demands that would benefit Appellants and might have been harmful to Rutgers’ interests. Appellants also contend that a CBM attorney wrote to Powers' attorney that she was authorized by "my clients” to negotiate a settlement “of the disciplinary proceedings, commenced by the filing of written complaint, dated May 23, 1994, by Adriana Greci Green.” App. 449-461, 462-63, 494-509. Appellants argue that CBM could not possible settle Green’s complaint unless they represented Green.